### 25962. BLOWER v. JONES.

Hawes, Justice. At issue in the appeal in this case is the correctness of the judgment of the trial court sustaining the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The action is one for specific performance of a contract for the sale of realty and in the alternative for damages. The plaintiff alleges that the parties entered into a contract for the sale

of the described tract; that pursuant to the provisions of the contract the plaintiff was ready to tender the purchase price of the property to the defendant, but that the defendant by her conduct and declaration proclaimed that she would refuse to accept the tender if made and expressly repudiated the agreement. The contract attached as an exhibit to the complaint, insofar as is material to the question presented, provides that the purchase price of the property shall be paid "all cash at time of closing." It contains a stipulation that the contract is contingent upon the purchaser being able to obtain a real estate loan in an amount equal to 75 percent of the purchase price "bearing interest at the best available rate." Purchaser agrees to accept terms of repayment in monthly instalments over a term of 59 months "with the understanding that a portion of the principal sum will become due at the 60th month."

1. As a part of the record transmitted to this court are affidavits filed in support of and in opposition to a previously filed motion of the plaintiff for a summary judgment. However, it does not appear from the language of the order appealed from that those affidavits were considered by the trial court in rendering the judgment appealed from. Counsel for the appellee, while denying the assertion of counsel for this appellant that those matters were considered by the court in passing upon the motion to dismiss, nevertheless rely upon facts appearing only in the affidavits in question as sustaining their position that the motion was properly granted. This does not aid appellee, however, because, whether other matters were considered by the trial court or not, the motion to dismiss should not have been granted.

2. The terms of the loan which the buyer was to procure and upon which his obligation to purchase was contingent were so vaguely and indefinitely stated in the contract as to render it void and not binding upon the buyer at the time it was executed. *F. & C. Investment Co. v. Jones*, 210 Ga. 635 (81 SE2d 828); *Stribling v. Ailion*, 223 Ga. 662 (1) (157 SE2d 427). Such contract, therefore, lacked mutuality. But, since under the terms of the contract, the sale price was stated to be "all cash at time of closing," the provision as to the procurement of a loan was merely for the protection of the buyer and could be waived by him. *Whitley v. Patrick*, 226 Ga. 87 (3) (172 SE2d 692). In any event

under the Civil Practice Act it was not essential that the complaint allege specifically the occurrence of such condition precedent.

3. "Under the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226) a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260). See *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598); *Kerry v. Brown,* 224 Ga. 200 (160 SE2d 832). Under this rule and applying the principles stated in headnote 1, the complaint here was not subject to be dismissed. While it is true that the plaintiff does not allege that the tender of the purchase price was timely, we do not deem this to be a matter raised by a mere general motion to dismiss. Whether the plaintiff's offer to perform was not timely or whether the delay in performance was caused by defects in the title and by the failure of the defendant to sooner remove them, were issues of fact to be determined upon the trial of the case on its merits or to be disposed of at the pre-trial or discovery stages of the proceedings under the provisions of the Civil Practice Act. It does not affirmatively appear from the complaint alone that the plaintiff could not recover under any conceivable state of facts which he could prove, and it follows that the trial court erred in sustaining the motion to dismiss.

*Judgment reversed. All the Justices concur.*

Submitted September 14, 1970—Decided November 5, 1970.

*Bert M. Garstin,* for appellant.
*Boling & Neville, Richard Neville,* for appellee.