## 28331. DEAL v. DICKSON.

INGRAM, Justice. The issue for decision is whether the Superior Court of Stephens County erred in granting the appellee-purchaser's motion for summary judgment ordering that the appellant-seller specifically perform a contract for the sale of his undivided one-half interest in a tract of land. The trial court found that appellant and appellee entered into a written contract for the sale of the realty and that it was "a binding legal obligation" between the parties.

The errors enumerated by the appellant-seller for this court's consideration are: (1) the evidence failed to show the purchase price was fair and just; and (2) the contract shows on its face that it

lacks mutuality and the evidence failed to show it was enforceable. *Held:*

1. Although no extrinsic evidence was offered as to whether the contract price was fair and just, the record discloses that appellant made no contention in the trial court that the price was inadequate or unfair for any reason. The contract itself, signed by both parties, was before the court and was found to be a binding legal obligation. If appellant, having signed the contract as seller, subsequently determined the price for which he agreed to sell was in fact not a fair price, the time for him to assert that position was in the trial court. Code § 37-805 provides that, "Mere inadequacy of price, though not sufficient to rescind the contract, may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair or unjust, or against good conscience." This Code section is not involved under the facts of this case. The present contract is a written contract, supported by a valuable consideration, is signed by both parties, and is for a definite sales price. No contention was made by the seller in the trial court that the contract is inadequate or unfair. The case of *Anthony v. Morris Hyles,* 221 Ga. 847 (148 SE2d 326), relied on by appellant is a case in which "the amended answer alleges inadequacy of price. . ." Id., Hdn. 2, and is not controlling precedent. *Childs v. Lee,* 224 Ga. 609 (163 SE2d 726), also cited by appellant, is a case in which the movant for specific performance was denied a summary judgment and this court affirmed the trial court. There the plaintiff made a specific averment in his pleadings as to value and then failed to support it with evidence at the summary judgment hearing. His motion was denied and this court affirmed, stating that "the failure of the plaintiff to submit proof in support of such issue authorized the trial court to deny his motion for summary judgment." Id., p. 610. If there had been an issue made in the trial court on value, summary judgment should have been denied. As there was no issue made in the trial court on this question, it is too late to raise it on appeal. See *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (2a, b) (173 SE2d 723). We hold this enumeration of error is without merit.

2. The contract of sale provided that the purchase price would be payable "all cash at time of closing with purchaser obtaining loan on property through a commercial agency." In addition, the sale was subject to "purchaser being able to obtain a loan from the Federal Land Bank of 80 percent of the purchase price."

Appellant argues these provisions make the contract unenforceable by the appellant-seller and hence lacking in mutuality so as to render it unenforceable by the appellee-purchaser. The contract may have lacked mutuality, "But, since under the terms of the contract, the sale price was stated to be 'all cash at time of closing,' the provision as to the procurement of a loan was merely for the protection of the buyer and could be waived by him." *Blower v. Jones,* 226 Ga. 847 (2) (178 SE2d 172). In such circumstances, the purchaser should not be denied the right to enforce the contract against the seller.

*Judgment affirmed. All the Justices concur, except Nichols and Undercofler, JJ., who dissent.*

ARGUED OCTOBER 9, 1973 — DECIDED NOVEMBER 8, 1973.

*Webb, Parker, Young & Ferguson, John Tye Ferguson, Paul Webb, Jr.,* for appellant.

*McClure, Ramsay & Struble, John A. Dickerson,* for appellee.