### 29303. BOLTON v. BARBER.

HILL, Justice.

This appeal is from the denial of a motion for summary judgment by Gladys Cash Bolton, one of the defendant sellers, in an action by the purchaser for specific performance of a written contract for sale of realty, or for damages. The trial judge certified the case for immediate review.

1. In *Bolton v. Barber,* 232 Ga. 70 (205 SE2d 266), this court held that the complaint was not subject to dismissal for failure to state a claim. The complaint did

not include a copy of the contract. The decision stated that appellant's arguments might be appropriate on a motion for summary judgment. The motion here on appeal followed, and the contract is now before the court.

The seller asserts that the contract lacked mutuality because it was contingent on the purchaser securing a new conventional loan at an interest rate of 8-1/2%. The appellant relies on the ruling in *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828), decided prior to the Civil Practice Act. The decision held that the petition was subject to general demurrer because the petitioner failed to allege that the contingency had occurred which would obligate the purchaser to buy the property.

The test of mutuality is to be applied as of the time the contract is to be enforced, and if the promisee accomplishes the object contemplated, then the contract is rendered valid and binding. *Wehunt v. Pritchett,* 208 Ga. 441, 443 (67 SE2d 233); *Hall v. Wingate,* 159 Ga. 630 (1c) (126 SE 796). A contract contingent upon obtaining a loan becomes mutually binding when the loan is obtained. *Teague v. Adair Realty & Co.,* 92 Ga. App. 463, 466 (88 SE2d 795).

Many real estate contracts contain contingencies as to financing. When such contingency is satisfied, the parties, both buyer and seller, become obligated to perform the contract. If lack of mutuality were not thus overcome, contracts contingent upon financing would never be enforceable.

The purchaser's affidavit states that the loan specified by the contract was obtained. The real issue in the case is whether the loan was obtained during the life of the contract.

2. The contract provided that time was of the essence of the contract. It further provided: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement."

The purchaser was unable to procure a loan before the closing date specified in the contract. When the loan was procured, the seller refused to perform the contract.

The appellant contends that the purchaser has no

cause of action for specific performance or damages since he failed to perform his obligations under the contract (securing the loan and tendering payment) within the time provided therein, and any asserted extension of time for performing the obligations of the contract which was not in writing could not waive the time for performance.

It has been held by this court many times that if time is of the essence of a contract, it may be waived; and that subsequent conduct of the obligor may have that effect. See *Moody v. Griffin,* 60 Ga. 459; *Stewart v. Ellis,* 130 Ga. 685, 688 (61 SE 597); *King v. Lipsey,* 142 Ga. 832 (1) (83 SE 957); *Turner v. Chambers,* 160 Ga. 93, 98 (127 SE 610); *Cottle v. Tomlinson,* 192 Ga. 704, 710 (16 SE2d 555); *Eaton v. Harwood,* 198 Ga. 240, 244 (31 SE2d 473); *Seay v. Malone,* 219 Ga. 149 (1) (132 SE2d 261).

While the contract in the present case provided that no modification of it could be made except by written agreement, signed by both parties, this would not prevent a subsequent waiver of the time of performance by the conduct of the sellers.

The purchaser's affidavit shows that after the closing date specified in the contract, a loan was obtained conditioned on, among other things, certain painting being done and submission of a right of way deed. It shows further that thereafter the sellers furnished the requested right of way deed. Other affidavits show that appellant later saw the painting being performed. There may be an issue of fact as to whether the appellant failed to tell the painter to stop painting, or stated that the painter's employer did not own the house and that appellant would not pay for the painting.

A seller should not, after the time for closing a sale, act in such a manner as to lead the buyer to believe that the time for closing will not be insisted upon. When such acts take place, the seller should not see if a better sale can be made, and later urge that time is of the essence in the first contract.

The fact that a subsequent contract for sale has been executed does not make performance of the prior contract impossible. To rule otherwise would provide a means for avoiding performance of many contracts.

Where a seller by declaration or conduct dem-

onstrates that if tender were made, it would be refused, tender as a prerequisite to specific performance is unnecessary. *McLoon v. McLoon,* 220 Ga. 18, 20 (136 SE2d 740), and cits.

There was some evidence from which an inference could be drawn that the seller waived the time element in the contract, and the trial judge did not err in denying the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

Submitted October 17, 1974 — Decided January 22, 1975 — Rehearing denied February 11, 1975.

*Gilbert & Hill, Fred A. Gilbert,* for appellant.

*Haas, Holland, Levison & Gibert, Richard G. Garrett, Theodore G. Frankel,* for appellee.