## 51260. SCATA v. PINNACLE ENTERPRISES, INC. et al.

WEBB, Judge.

Pinnacle Enterprises, Inc., Cline Williams and Glenn Landry brought suit against Victoria Scata for breach of a real estate sales contract. It was alleged that plaintiffs, as sellers, stood ready to convey title to Scata, as purchaser, but that Scata refused to consummate the sale. The financing clause of the sales contract provides that "This contract is contingent upon purchaser's obtaining a real estate loan not to exceed $60,000, bearing interest at the best available rate over a term not to exceed 30 years."

Scata filed a motion denominated "Motion for Judgment on the Pleadings," stating that "defendant . . . moves for judgment in that the contract, subject of this action, attached to plaintiff's complaint, is lacking in mutuality." The trial court denied the motion, and Scata appeals with a certificate for immediate review. *Held:*

1. Scata, by way of motion for judgment on the pleadings, has raised the defense of failure to state a claim upon which relief can be granted. This procedure is permissible, CPA § 12 (h) (2) (Code Ann. § 81A-112 (h) (2)), and the standards employed in determining the motion will be the same as if it had been brought under CPA § 12 (b) (6) (Code Ann. § 81A-112 (b) (6)). Shapiro v.

Merrill Lynch, Pierce, Fenner & Smith, 353 FSupp. 264 (D.C.N.Y.); Camejo v. Sun Life Assur. Co. of Canada, 313 FSupp. 1011 (D. C. Puerto Rico); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1367, pp. 688, 689.

2. "A condition precedent is one which must be performed or occur before a plaintiff may maintain his claim for relief and a plaintiff must allege in his complaint the performance or occurrence of all such conditions, or show a legally sufficient reason for their non-performance or non-occurrence, or a waiver of the conditions by the adverse party." Kooman, Federal Civil Practice, Georgia Treatment § 9.03, p. 321. While CPA § 9 (c) provides that performance of a condition precedent may be pleaded in general terms, "Rule 9 (c) still obliges the pleader to allege compliance with the contract . . . The rule simply permits the allegation to be general rather than detailed." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1303, p. 430.

3. "The obligation of the defendants to purchase a certain described tract of land being contingent upon the procuring of a loan by them, and the petition of the seller for a decree of specific performance failing to allege the happening of the contingency, it was not error to sustain the defendants' general demurrers and dismiss the petition." *F & C Invest. Co. v. Jones,* 210 Ga. 635 (81 SE2d 828). See also Wallace, "The Financing Clause in Real Estate Sales Contracts in Georgia," 8 Ga. St. B. J. 118 (1971). Compare *Warren v. Camp,* 232 Ga. 681 (208 SE2d 489); *Bolton v. Barber,* 233 Ga. 646 (212 SE2d 766).

4. The complaint herein did not aver, either generally or specifically, that the contingency of obtaining a loan had occurred. Under the foregoing rulings, the trial court erred in denying the defendant's motion to dismiss.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED NOVEMBER 5, 1975.

*Thomas R. Campbell, Jr.,* for appellant.
*John L. Blandford,* for appellees.