## 30368. MOORE v. BUISO.

Jordan, Justice.

This appeal is from a directed verdict for the defendant in an action in which Annie Mary Moore sought specific performance of a written contract for the sale of land against Thomas Buiso.

The closing date of the original contract was June 18, 1971. Prior to this date, the parties entered into a written contract reciting that there was a defect in the title of the property because of a reservation of mineral interest by the United States Government, and agreeing to extend the closing date of their previous contract to 30 days "after the committee of the Department of the

Interior shall make its report to the Honorable Phil M. Landrum, stating whether the Government will release its mineral interest, etc." On August 5, 1971, the parties entered into another written contract agreeing to an extension of time for the closing of the sale "until 10 days following receipt of the official release and conveyance of the reserve mineral interest from the United States Government."

A quitclaim deed from the United States Department of the Interior, releasing the mineral interest in the property, was executed on June 27, 1973. Mrs. Moore then called on Mr. Buiso to perform the contract of sale, and he refused to do so. The complaint for specific performance followed.

At the close of the evidence by the plaintiff Mrs. Moore, the motion for directed verdict by Mr. Buiso was granted.

1. It appears from the transcript that the basis for the trial judge's grant of the motion for directed verdict was that he considered the contract lacking in mutuality and too indefinite for enforcement because of the condition in the amended contract extending the time for closing the sale.

There is no dispute in the evidence that Mr. Buiso received a quitclaim deed from the Secretary of the Interior releasing the mineral interest of the United States in the property, and that this document satisfied the condition in the contract of sale pertaining to the closing date.

The test of mutuality of a contract is to be made at the time it is to be enforced. Where a contract is contingent on the meeting of some condition, it is not enforceable by either party until the condition has been met, but when the condition has been met, the lack of mutuality is cured. *Wehunt v. Pritchett,* 208 Ga. 441, 443 (67 SE2d 233) (1951); *West v. Downer,* 218 Ga. 235, 243 (127 SE2d 359) (1962); *Stribling v. Ailion,* 223 Ga. 662, 663 (157 SE2d 427) (1967); *Bolton v. Barber,* 233 Ga. 646 (212 SE2d 766) (1975).

At the time the action for specific performance was brought, the condition precedent for the closing of the sale had been met. While the contract would have been

lacking in mutuality and too uncertain to enforce at any time prior to the receipt of the deed from the Secretary of the Interior, after the happening of this event, the uncertainty and lack of mutuality had been cured.

It was therefore improper to direct a verdict on the uncertainty and lack of mutuality of the contract.

2. Counsel for Mr. Buiso argued in support of the motion for directed verdict in the trial court, and in this court, that the evidence failed to show that the contract was fair, just, equitable, and one that in good conscience should be performed. Code § 37-805.

Mr. Buiso testified that he offered the property for sale at the contract price, and that he executed the written contract of sale. He made no contention by his pleadings or by evidence that the price was inadequate. There was extensive testimony concerning the defect in the title of the property and the actions of the parties in their efforts to remove this defect.

Under all of the evidence it was a jury question whether the price was adequate, and whether the enforcement of the contract, after the delay in obtaining the release of the mineral interest of the United States Government, was equitable.

The direction of a verdict was error.

*Judgment reversed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who concur in the judgment only.*

ARGUED OCTOBER 14, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 15, 1975.

*G. Hughel Harrison,* for appellant.
*Ralph H. Witt,* for appellee.