## 36381. EDWARDS v. McTYRE.

BOWLES, Justice.

Barbara Lee Edwards, appellant, entered into a written contract to purchase real property from Richard A. McTyre, appellee. The contract specified that the closing date was to be August 1, 1979 and further that time was of the essence. The closing did not take place as scheduled and two weeks later, appellee wrote to appellant telling her the deal was off. Appellant thereupon brought suit against appellee seeking specific performance of the sales contract and seeking damages for fraud. The trial court granted summary judgment in favor of appellee and this appeal followed.

1. Appellee contends he is entitled to summary judgment because the contract lacks mutuality and therefore is unenforceable. The contract in this case contained the following provision: "This contract is contingent on purchaser's applying for and being approved for an FHA insured loan in the amount of $27,000.00 to be amortized in equal monthly payments over a thirty year period." Appellant alleges in her affidavit that this contingency was met. "A contract contingent upon obtaining a loan becomes mutually binding when the loan is obtained." *Bolton v. Barber,* 233 Ga. 646 (212 SE2d 766) (1975). The question is whether or not appellant was approved

for her FHA insured loan during the life of the sales contract. *Bolton v. Barber,* supra, at 647. This issue remains for jury determination.

2. Appellee contends the sales contract is too uncertain to be enforced. The purchase money for the property was to be paid "all cash at closing." Even if the terms of the loan to be obtained are vague and uncertain, if the buyer actually has the purchase price in cash to pay to the seller as required by the contract, it should not make any difference to the seller how the cash is obtained. "[S]ince under the terms of the contract, the sale price was stated to be 'all cash at time of closing,' the provision as to the procurement of a loan was merely for the protection of the buyer and could be waived by him." *Blower v. Jones,* 226 Ga. 847, 848 (178 SE2d 172) (1970). See also *Deal v. Dickson,* 231 Ga. 366 (202 SE2d 41) (1973) and *Whitley v. Patrick,* 226 Ga. 87 (172 SE2d 692) (1970).

Appellee also contends the contract is too uncertain because of language in which he agrees to make FHA required repairs to the house up to a cost of $3,000. This language is not uncertain. If the seller only agrees to pay $3,000 of the cost of repairs, it seems clear that the buyer will have to pay any cost over $3,000.

3. Appellee asserts that since the closing was not held on the specified date of August 1, 1979, the contract has expired and specific performance cannot be granted. Even though the contract stated that time was of the essence, this provision can be waived and conduct either before or after the closing date may show waiver. *Bolton v. Barber,* supra. Timely performance may be waived orally when acted on by one or both of the parties. Compare, *Smothers v. Nelson,* 246 Ga. 216 (1980). See also *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666 (203 SE2d 475) (1974). An issue of fact remains as to whether or not timely performance of this contract was waived by appellee.

4. Since appellee was not entitled to summary judgment for any reason alleged and since issues of fact remain for decision, the trial court erred in granting summary judgment on appellant's contract claim. We conclude, however, that the trial court properly granted summary judgment as to appellant's claim for fraud. Appellant alleged that appellee fraudulently deceived her into believing that the contract deadline had been extended. On motion for summary judgment, the burden is upon the movant to demonstrate that no material issue of fact exists. Code Ann. § 81A-156; *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977). Appellee's sworn answer, his affidavit, and his testimony by deposition were sufficient to pierce appellant's allegations of fraud. This being so, the burden shifted back to appellant to set forth specific facts showing that there is a genuine issue for trial. *Meade v. Heimanson,* supra. The facts as

alleged by appellant, if taken as true, do not show fraud and therefore the trial court did not err in granting summary judgment.

5. The trial court need not make findings of fact in ruling on a motion for summary judgment. Code Ann. § 81A-152.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED JUNE 20, 1980 — DECIDED SEPTEMBER 9, 1980.

*Robert Strickland, Jr.,* for appellant.
*Charles M. Lipman,* for appellee.