## 43521. BROWN v. MORRIS REAL ESTATE CONSULTANTS, INC.
### (347 SE2d 563)

HUNT, Justice.

On January 14, 1985, Linda Brown entered into a contract to buy certain real property from Morris Real Estate Consultants, Inc. (MREC). The president (Larry Morris) and secretary (his wife, Kay Morris) signed on behalf of MREC. Among the financing provisions of this contract was clause K: "Purchaser will provide seller with a letter of approval for said amount of loan [$700,000] from lender under terms stated in this contract within two weeks of acceptance of this contract by both parties." On January 28, 1985, at 10:46 p.m., the senior vice president of Great Southern Savings Bank (Donnie Hampton) delivered his business card and a handwritten letter on plain white paper to Larry Morris, the president of MREC, at his home. The letter read: "This letter is to confirm that Mrs. Linda Brown has been approved by our company for a loan in the amount of 700,000 for the purchase of the property located at 6035 Winterthur Drive, Atlanta, Ga. Yours truly, Donnie Hampton, Senior Vice President,

Great Southern Mortgage. The time of this approval is 10:46 p.m., Monday, January 28, 1985." The next day the seller terminated the contract. Brown sued for specific performance, and the court granted the defendant's motion for summary judgment, ruling that the letter did not comply with clause K because it did not state such essential terms as the interest rate and maturity date. Brown appeals, arguing that the Hampton letter complied with clause K and that even if it did not, the financing provisions were for her benefit and she had waived their protection.

1. Brown's argument that the letter satisfied clause K ignores the bulk of the financing provisions of the contract, whereby the contract was made contingent on her obtaining a 25-year adjustable rate loan for not less than 70% of the purchase price, at an initial accrual interest rate of 10.75%. Since the letter did not specify the terms of the financing, the seller could not be sure that the buyer had obtained a commitment in accordance with those terms. If, of course, the terms turned out to be more onerous, the buyer would not be bound by the contract. *Bolton v. Barber*, 233 Ga. 646 (1) (212 SE2d 766) (1975). What the seller wanted and contracted for was an assurance that the buyer would be bound; such assurance was not provided by the letter and thus it did not satisfy the terms of clause K.

2. The buyer also argues that since the financing provisions were for her benefit, she could waive them. She relies on *Edwards v. McTyre*, 246 Ga. 302 (2) (271 SE2d 205) (1980), where the court held, quoting *Blower v. Jones*, 226 Ga. 847, 848 (178 SE2d 172) (1970): "[S]ince under the terms of the contract, the sale price was stated to be 'all cash at time of closing,' the provision as to the procurement of a loan was merely for the protection of the buyer and could be waived by him." She argues that the allusions in the record to her having told the seller's real estate agent that she was ready and willing to pay cash constituted a waiver of the protection of the financing provisions and rendered clause K moot. On this record, however, no issue of fact arises as to her claim that she waived her right to the protection of the contract's financing terms. We conclude that the trial court did not err in granting summary judgment to the seller.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who concur in the judgment only, and Weltner, J., who dissents.*

DECIDED SEPTEMBER 3, 1986.

*Martin L. Fierman, S. Lee Storesund,* for appellant.
*Somers & Altenbach, Michael J. King, Gibson & Deal, John W.*

*Gibson,* for appellee.