[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an action for specific performance heard by the Court sitting without a jury. This decision is rendered in accordance with Super. R. Civ. P. 52. The buyers brought suit to compel specific performance of a contract entered into between them and the seller to convey the subject property. The buyers are also seeking the following monetary damages: fifty thousand ($50,000.00) dollars for withholding the conveyance of the real property which is the subject of this action plus punitive damages, interest, and costs if specific performance is not granted; the return of six thousand, eight hundred ($6,800.00) dollars in deposits paid by the buyer to the seller; and fifty thousand ($50,000.00) dollars plus damages, punitive damages, interest, and costs.
The seller counterclaimed. First, the seller is seeking that a statement signed by the buyer's attorney, John L. Cosentino, and dated May 16, 1986, be declared null and void, and that the Court issue a preliminary and permanent injunction directing the buyer to release and remove this document recorded on May 16, 1986, in the Office of Land Records for Providence (Defendant's Exhibit C). Second, the seller counterclaims against each buyer for fifty thousand ($50,000.00) dollars plus interest and costs and reasonable attorney's fees. Finally, the seller counterclaims against each buyer for fifty-thousand ($50,000.00) dollars, plus interest, costs, reasonable attorney's fees, and punitive damages against each plaintiff in the amount of $500,000.00, plus interests and costs.
The buyers, Song Ling and Sceur Ly Ling, entered into a purchase and sales agreement on July 20, 1985, with the seller, Raul Nogueras, for a home at 150 Linwood Avenue in Providence, Rhode Island. The agreed price for this piece of real estate was $33,000.00. Under the terms of the agreement, the buyers were to deliver $3,300.00 to a real estate broker, Buy-Rite Real Estate, as a deposit toward the purchase price. (Plaintiff's Exhibit 7). Further, the sales agreement was subject to the following conditions: the success of the buyers in obtaining bank financing; a termite inspection; the defendant repairing the back hallway, a pipe, and tile in the front first floor bathroom.
The buyers immediately applied for a mortgage at the Narragansett Mortgage Company. The mortgage was approved, but the plaintiffs were informed that the subject real estate needed to be painted and that the storm windows had to be replaced. According to the buyers, the bank required an additional ten percent down payment and a $250.00 application fee because of these needed repairs. The buyers were in constant communication with the financing company after their application for the mortgage was approved.
The sales agreement listed September 20, 1985, as the closing date. However, in the sales agreement, the parties agreed to extend the closing date until October 31, 1985. The parties thereafter agreed to extend the closing date until March 6, 1986, and again to May 2, 1986. On May 2, 1986, the buyers and the seller met with Deborah Smith, a real estate broker with Realty World. The seller then agreed to extend the purchase and sales agreement until May 16, 1986, since the bank required additional requirements for the closing. The bank required that the seller paint the subject real estate and install storm windows before the closing could be completed. According to the buyers, the seller would not comply with these additional requirements even after the buyers agreed to install the storm windows at their own expense.
On May 16, 1986, John L. Cosentino, Esquire, counsel to the buyers, acknowledged in writing that the purchase and sales agreement had been extended until May 16, 1986. On May 16, 1986, the parties agreed that the closing for the real estate would be held on May 23, 1986. Also, on May 16, 1986, the buyers gave the seller an additional deposit of $3,500.00 to be applied to the overall sale price. However, the seller and his attorney refused to attend the closing scheduled for May 23, 1986. The buyers' claim for specific performance was heard by this Court on April 3 and 4, 1991.
Specific performance is an equitable remedy well-suited to actions involving real property because of the prevailing presumption that land is unique. So strong is this presumption, that ". . . a justice may assume the inadequacy of money damages in a contract for the sale of real estate and order specific performance of the contract without an actual showing of the singular character of the realty." O'Halloran v. Oeschlie,402 A.2d 67, 70 (Me. 1979) (citing Handy v. Rice, 98 Me. 504, 508, 57 A. 847, 848 (1904); 71 Am.Jur.2d, Specific Performance § 112 (1973)). Case law consistently reaffirms, however, that the equitable remedy of specific performance lies within the discretion of the trial justice. Griffin v. Zapata, 570 A.2d 659
(R.I. 1990); Eastern Motor Inns v. Ricci, 565 A.2d 1265 (R.I. 1989); Gaglione v. Cardi, 120 R.I. 534, 540, 388 A.2d 361, 364 (1978).
When a conditional sales contract[1] is involved, the party seeking specific performance must demonstrate one of the following factors: (1) the conditions precedent have been met; (2) they have been waived by the party who would benefit from them; (3) or there has been a lack of a bona fide effort to comply. Connolly v. Harrison, 23 Md. App. 485, 327 A.2d 787
(1974). The party seeking specific performance has the burden of showing that he or she is ready, willing, and able to purchase the property, even when the seller refuses to participate in or attend the closing or even to satisfy a condition to the contract. Griffin v. Zapata, 570 A.2d at 662; Romaniello v.Pensiero, 21 Conn. App. 57, 571 A.2d 145 (1990). See also Jakoberv. E.M. Loew's Capitol Theatre Inc., 107 R.I. 104, 114,265 A.2d 429, 435 (1970). This requisite ability to perform is further defined as ". . . both ability on the part of the plaintiff to perform and an indication of that ability to other party." Kottis v. Cerilli, 526 A.2d 506, 508 (R.I. 1987) (quoting 6 S. Williston, Contracts § 833 at 104 (3d ed. Jaeger 1962); Restatement (Second) Contracts § 238, comment b.(1981)).
A party's conduct can constitute a waiver of a condition precedent in a purchase and sale agreement and move a Court to enter summary judgment for the opposing party. Loda v. H.K.Sargeant Associates, Inc., 188 Conn. 69, 448 A.2d 812 (1982). Waiver does not have to be express but can consist of acts or conduct which can be reasonably implied from the circumstances. In Loda, the court wrote: "[i]t is clear that the requirement of obtaining mortgage financing as a condition in a contract for the sale of realty must be given effect unless the condition has been altered by the parties or waived by the one for whose benefit the condition was made . . ." 188 Conn. at 76, 448 A.2d at 816. (Citing Edwards v. McTyre, 246 Ga. 302, 303,271 S.E.2d 205, 206 (1980)).
A closing date is a condition precedent which can be waived by a party's conduct. In Edwards v. McTyre, the parties entered into a written contract to purchase real property. The contract specified the closing date to be August 1, 1979, but the closing did not occur until two weeks later. Edwards, 264 Ga. at 302, 271 S.E.2d at 205. The defendant claimed that specific performance could not be granted because the closing did not occur on August 1, 1979, had been which was the scheduled closing date. The court stated that this provision was waived and that conduct before and after the closing date could be used to establish waiver. Id. at 303, 271 S.E.2d at 206.
Applying Edwards to the case at bar, this Court finds that specific performance is warranted. The buyers' actions have demonstrated that they satisfied the condition of obtaining bank financing to close on May 23, 1986. The actions of the seller establish that he waived this condition. The buyer was ready, willing, and able as long as the seller completed the necessary repairs to the subject real estate as enumerated by the bank. However, the seller refused to cooperate and effectuate a May 16, 1986, closing, and agreed to postpone the closing until May 23, 1986. The seller's actions clearly indicate a waiver of a condition precedent. Loda v. H.K. Sargeant Associates Inc.,supra; Edwards v. McTyre, supra.
A party seeking specific performance can also demonstrate that there has not been a bona fide effort by another party to comply with the purchase and sales agreement. Jakober v. E.M.Loew's Capitol Theatre, Inc., 107 R.I. 104, 265 A.2d 429 (1970). A party seeking specific performance must be able to demonstrate that he was ready, willing, and able to perform his part of the contract. Jakober, 107 R.I. at 114, 265 A.2d at 435. InJakober, the Supreme Court wrote that the plaintiff had not made any effort to be ready, willing, and able as of the closing date. The plaintiff's testimony exhibited his great desire to purchase the defendant's property, but the plaintiff did not offer a reasonable justification for his failure to proceed in a manner to be ready by the last day of the agreement. The court stated that: "[t]he diligence required of a plaintiff in a suit for specific performance was lacking in this case . . ." Id. at 114, 265 A.2d at 435.
In the case at bar, this Court finds that the buyers complied with the sales agreement. This compliance is demonstrated by the buyers obtaining the required bank financing. However, even though buyers were able to get the financing, the seller did not demonstrate good faith. The seller's actions in refusing to make the repairs required by the bank, not permitting the buyers to make these repairs when they offered to, and refusing to come to the May 23, 1986, closing establish a lack of bona fide effort to comply. This Court is satisfied that the buyers were diligent in obtaining the necessary financing and were ready, willing, and able to proceed with the closing on May 23, 1986, as agreed to by the parties.
Plaintiff was a most credible witness; defendant was not. Defendant's testimony was riddled with inconsistencies. Many of Defendant's statements from the stand were belied by his own writings. Specific performance is hereby granted for the selling price of $33,000.00 with plaintiff receiving credit for his original $3,300.00 deposit and credit for an additional $3,500.00 deposit.
Judgment for Plaintiff on Defendant's counterclaims.
[1] The instant purchase and sales agreement contained the following conditions: the buyers' obtaining the necessary bank financing; an inspection for termites; the owner had to repair the back hallway and a pipe in the first floor front bathroom and the tile in the same room (Plaintiff's Exhibit 1).