S93A1286. McCULLOUGH v. McCULLOUGH.
(439 SE2d 486)

HUNSTEIN, Justice.

Zachery McCullough filed suit against his former wife, Rita Jones McCullough, seeking specific performance of a contract to convey land. Ms. McCullough answered and filed a counterclaim seeking attorney fees and damages for abusive litigation. After a bench trial, the trial court entered judgment denying the relief sought by Mr. McCullough and awarding Ms. McCullough $2,000 in attorney fees. Mr. McCullough appeals.

Appellant signed a "sales agreement loan assumption" contract, dated March 22, 1991, which provided he would pay appellee $20,000 for her equity in three parcels of land, on one of which was situated the former marital residence. The contract provided that appellee would pay the loan transfer fee, set the closing date on or before April 10, 1991, and expressly provided that time was of the essence. Appellant did not tender the $20,000 on or before April 10 and the closing date was not extended. In June 1991, appellee accepted $18,500 and a promissory note for $1,500 from appellant and transferred the parcel with the marital residence to appellant, but refused to transfer the

remaining two parcels. Appellee testified that because she needed $20,000 by April 10 for another transaction, she had offered all three parcels to appellant to induce a quick sale. Appellant acknowledged at trial that had appellee sold him the house and lot for its appraised rate, she would have been entitled to receive $20,000 as her share of the equity in the property under the parties' settlement agreement.

1. We find no error in the trial court's determination that the parties intended the contract to be void if performance was not completed by the closing date. See *Dulock v. Shiver*, 239 Ga. 604 (238 SE2d 397) (1977). Although where time is of the essence in a contract, timely performance may be waived orally or as shown by conduct before or after the closing date, *Edwards v. McTyre*, 246 Ga. 302 (3) (271 SE2d 205) (1980), whether such waiver occurred was an issue of fact for the trier of fact. Id. The trial court's finding that appellee did not waive timely performance was supported by some evidence at trial and was not clearly erroneous. OCGA § 9-11-52 (a); see generally *Covrig v. Miller*, 199 Ga. App. 864 (1) (406 SE2d 239) (1991).

2. The trial court admitted into evidence an unexecuted contract, drafted by appellee's attorney on April 15, 1991, solely on the basis that the document could serve as an indication that one or both parties thought the original contract was over. The trial court did not abuse its discretion by concluding that this evidence was relevant to appellee's claim that she had not waived timely performance of the original contract. See generally *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987) ("[t]he most acceptable test for relevancy is whether the evidence offered renders the desired inference more probable than it would be without the evidence. [Cits.]").

3. It does not matter whether appellee, in filing a counterclaim for attorney fees and damages, was travelling under OCGA § 51-7-80 et seq. or OCGA § 9-15-14, since her claim under either statute was premature and could not be entertained until the underlying litigation had concluded. *Hutchison v. Divorce &c., P. C.*, 207 Ga. App. 421 (427 SE2d 784) (1993). Accord *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994). The trial court's award of attorney fees to appellee is accordingly reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 7, 1994.

*John B. Degonia, Jr.*, for appellant.
*W. D. Ballard, Billy J. Waters*, for appellee.