A95A2549. TALIAFARO, INC. v. ROSE.
(469 SE2d 246)

ANDREWS, Judge.

Rose sued Taliafaro, Inc. for breach of an employment contract. A jury rendered a verdict in favor of Rose, and Taliafaro, Inc. appeals from the judgment entered on the verdict.

Rose, a certified public accountant and a computer specialist, was hired by a subsidiary of Taliafaro, Inc. to supervise accounting functions and implement a computer system at the Housing Authority of New Orleans (HANO) as part of Taliafaro, Inc.'s contract with the U. S. Department of Housing & Urban Development (HUD) to manage HANO for the fiscal year ending September 30, 1990. Under the employment agreement, in addition to a base salary, Rose was entitled to a $10,000 fee for the closing of the HANO books at the end of the fiscal year and a $10,000 fee for design and installation of a computer system at HANO during the fiscal year. Taliafaro, Inc. contended Rose was not entitled to either of the $10,000 fees because the HANO books were not closed at the agreed upon time, and the computer system was not implemented. Rose sued to collect the fees and obtained a jury verdict for both $10,000 fees and for $8,000 in attorney fees pursuant to OCGA § 13-6-11.

1. Taliafaro, Inc. contends the trial court erroneously denied its motion for a directed verdict on Rose's claim for $10,000 for computer design and installation. Citing OCGA § 13-3-4, Taliafaro, Inc. claims

the installation of the computer system during the fiscal year was a condition precedent to the payment of the $10,000 and that, since the computer system was not installed, Rose was not entitled to the $10,000 fee. Although it was undisputed the computer system was not installed during the fiscal year, Rose produced evidence that he successfully designed a computer system that obtained the necessary HUD approval, but that he was unable to install it because Taliafaro, Inc. failed to carry out its duty to obtain the computer equipment necessary to install the system.

Where a contract provides for performance of an obligation, the party bound to perform the obligation may be relieved and the obligation waived, where the other party to the contract repudiates the obligation by act or word, or takes a position which renders performance of the obligation useless or impossible. *Stokes v. Walker*, 131 Ga. App. 550, 552 (206 SE2d 564) (1974); OCGA § 13-4-23. Evidence that Taliafaro, Inc.'s failure to obtain the computer equipment prevented Rose from full performance was sufficient to create a jury question as to whether Rose was entitled to the $10,000 fee. The trial court correctly denied the motion for a directed verdict.

2. Taliafaro, Inc. claims the trial court should have granted its motion for a directed verdict on Rose's claim for $10,000 for the closing of the HANO books. There was conflicting evidence as to when the books had to be closed under the employment agreement in order for the $10,000 to be paid. Various testimony from Taliafaro, Inc. officials indicated that the agreement was for the books to be closed at the end of the fiscal year on September 30, 1990, or within 45 days of the end of the fiscal year, or within 60 days of the end of the fiscal year, or on a "timely basis" after the end of the fiscal year. Rose testified that the agreement was for payment of the $10,000 fee upon closing of the HANO books according to normal accounting procedures after the end of the fiscal year and that the books were expeditiously closed according to those procedures. A former employee of HANO whose job was to monitor Taliafaro, Inc.'s HUD management contract testified that HANO's books were closed in February 1991, and, although HUD had the power to impose sanctions for failure to timely close the books, no sanctions were imposed for closing the books in February 1991.

Even if the parties failed to agree as to a specific time within which the HANO books were to be closed for payment of the $10,000 fee, a reasonable time will be implied, and it was up to the jury to determine what was reasonable. *Griffith v. Federal Deposit Ins. Corp.*, 242 Ga. 367, 368-369 (249 SE2d 54) (1978). Since there was evidence that both parties agreed the books would be closed on some unspecified "timely" or "normal" basis after the end of the fiscal year, it was a jury issue as to what was a reasonable time under the circum-

stances. The trial court correctly denied the motion for a directed verdict.

3. Taliafaro, Inc. claims there was no evidence to support the award of $8,000 in attorney fees pursuant to OCGA § 13-6-11. Rose claims he was entitled to attorney fees because there was evidence Taliafaro, Inc. acted in bad faith during the course of the employment contract by wilfully misusing HUD funds which should have been used to purchase the computer equipment for the system he was hired to design and install for HANO.

"OCGA § 13-6-11 provides for expenses of litigation where the defendant has acted in bad faith . . . The statutory bad faith must have arisen out of the transaction on which the cause of action is predicated rather than defendant's conduct in defending the case. Bad faith . . . other than mere refusal to pay a just debt may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive." (Citations and punctuation omitted.) *McDonald v. Winn*, 194 Ga. App. 459, 460 (390 SE2d 890) (1990). There was no evidence in the record to support the bad faith claim. See *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 730 (365 SE2d 849) (1988). Accordingly, the portion of the verdict and judgment awarding attorney fees in the amount of $8,000 is reversed. Id. at 730-731.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 31, 1996 —
RECONSIDERATION DENIED FEBRUARY 20, 1996 — ▮▮▮▮

*Pat D. Dixon, Jr.*, for appellant.
*Antonio L. Thomas*, for appellee.