## S99A0268. ENGLISH v. MULLER et al.

(514 SE2d 194)

CARLEY, Justice.

Ms. Emily English contracted to sell certain real property to Frederick Muller and Elizabeth Muller for $155,000. The contract stated that time was of the essence and provided for closing of the transaction on or before April 30, 1996. The contract also required Ms. English to cure any title defects within 60 days of notification, and if she failed to do so, the Mullers would have the option of voiding the contract. On April 15, the closing attorney informed Ms. English that the deed conveying title to her had never been recorded and that there were delinquent taxes and several existing liens on the property. Eventually, the Mullers brought suit for specific performance. After a bench trial, the trial court entered a final judgment in favor of the Mullers and subsequently denied Ms. English's motion for new trial.

1. Ms. English contends that the trial court erroneously granted specific performance because, despite the clause providing that time is of the essence, the Mullers failed to tender performance within a reasonable time after she acquired marketable title.

It is well-settled that, where time is of the essence in a contract, timely performance may be waived orally or by conduct either before or after the closing date. *McCullough v. McCullough*, 263 Ga. 794, 795 (1) (439 SE2d 486) (1994); *Edwards v. McTyre*, 246 Ga. 302, 303 (3) (271 SE2d 205) (1980); *Bolton v. Barber*, 233 Ga. 646, 648 (2) (212 SE2d 766) (1975). When such conduct occurs, "the seller should not see if a better sale can be made, and later urge that time is of the essence in the first contract." *Bolton v. Barber*, supra at 648 (2). Whether waiver took place is an issue for the trier of fact. *McCullough v. McCullough*, supra.

The delay here was initially caused by a defect in Ms. English's title, and not by the Mullers. See *Ellis v. Bryant*, 120 Ga. 890 (48 SE 352) (1904). Construed in favor of the Mullers, the evidence shows that, although the closing attorney assisted Ms. English in obtaining marketable title and contacted lienholders in an attempt to have certain liens canceled of record, she ceased all communication until this suit was filed, refusing to respond to any of several phone calls and letters from the attorney and the broker. A vendor waives the requirement of tender by avoiding all contact with the purchasers. *Burnam v. Wilkerson*, 217 Ga. 657, 662 (4) (124 SE2d 389) (1962). While Ms. English continued to cause delay, she "could not also take advantage of such delay. A party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract." *Studdard v. Hawkins*, 139 Ga. 743, 748 (2) (78 SE 116) (1913). See also *Finney v. Bla-*

*lock*, 206 Ga. 655, 659 (2) (58 SE2d 429) (1950).

Accordingly, the trial court's finding that the Mullers substantially complied with the terms of the contract was supported by some evidence and was not clearly erroneous. See *McCullough v. McCullough*, supra at 795 (1).

2. Ms. English also contends that the Mullers failed to prove the current value of the property so as to enable the trial court to determine that the contract price was fair, just, and not against good conscience.

"[T]he fairness of the contract and the adequacy of consideration must be tested by the facts and conditions existing at the time the contract was made. [Cits.]" *Saine v. Clark*, 235 Ga. 279, 281 (2) (219 SE2d 407) (1975). The broker testified that the contract price reflected "top dollar" under the circumstances, based upon his review of comparable sales at the time. See *Baker v. Jellibeans*, 252 Ga. 458, 461 (2) (314 SE2d 874) (1984). Under all of the evidence, it was a question for the trier of fact whether the price was adequate and whether enforcement of the contract was equitable. *Moore v. Buiso*, 235 Ga. 730, 732 (2) (221 SE2d 414) (1975). See also *McLoon v. McLoon*, 220 Ga. 18, 21 (2) (b) (136 SE2d 740) (1964).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 1999 —
RECONSIDERATION DENIED APRIL 9, 1999.

*Barr, Warner, Lloyd & Henifin, Karen D. Barr, John T. Longino,* for appellant.

*Bouhan, Williams & Levy, Carlton E. Joyce,* for appellees.