A05A1264. ATHENS HEART CENTER, P.C. v. BRASSTOWN VALLEY RESORT, INC.
(621 SE2d 565)

MILLER, Judge.

Brasstown Valley Resort, Inc. ("Resort") sued Athens Heart Center, P.C. ("AHC"), to recover money owed under a contract. The trial court granted Resort's motion for summary judgment, and AHC appeals. Since the record reveals that the contract was unenforceable due to an unfulfilled condition precedent, we reverse.

"On appeal from the grant of summary judgment[,] this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts,

viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

So viewed, the evidence shows that on August 7, 2002, AHC and Resort executed a "Group Sales Agreement." In a section entitled "Guest Room Commitment," Resort agreed to provide AHC with fifty lodge rooms and five suites on November 1 and November 2, 2002. Pursuant to the agreement, "[g]uestrooms will be committed upon receipt of the non-refundable $10,829.50 deposit, due August 20, 2002 and the signed contract[.] [P]lease send by August 8, 2002."

In a September 13, 2002 letter noting that she had verbally informed Resort "of our change of plans" in late August and that the reservations were never confirmed by means of a deposit, AHC's office manager informed Resort that AHC was cancelling its reservation. Later that month, Resort sent AHC an invoice for a "cancellation payment" of $16,244.25, calculated as 75 percent of the "reserved room charges." The invoice corresponds to the liquidated damages schedule in the Group Sales Agreement.

On March 3, 2003, Resort filed a complaint against AHC for breach of contract. Resort moved for summary judgment, which the trial court granted. AHC appeals.

At issue is whether the Group Sales Agreement was an enforceable contract. "Georgia contract law requires a meeting of the minds of the parties, and mutuality, and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon." (Punctuation and footnote omitted.) *Alexander v. Watson*, 271 Ga. App. 816, 819 (2) (611 SE2d 110) (2005). See also OCGA § 13-3-1 (a valid contract requires consideration). Contract construction is a question of law for the court. OCGA § 13-2-1.

AHC claims that the Group Sales Agreement failed to provide for the consideration from Resort necessary to form a binding contract. We agree. Resort was "committed" to provide guestrooms only upon its receipt of the nonrefundable deposit. Without the deposit, Resort was not obligated to provide any rooms to AHC. "Where a contract is contingent on the meeting of some condition, it is not enforceable by either party until the condition has been met." *Moore v. Buiso*, 235 Ga. 730, 731 (1) (221 SE2d 414) (1975); see also *Patel v. Burt Dev. Co.*, 261 Ga. App. 436, 439-440 (2) (582 SE2d 495) (2003) (absent fulfillment of the condition that he obtain financing, defendant's obligation to purchase property was not enforceable). Here, it is undisputed that AHC never tendered the deposit. We therefore conclude that the trial court erred in enforcing the agreement by granting summary judgment to Resort. See id.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 26, 2005.

*J. Hue Henry*, for appellant.
*Stokes, Lazarus & Carmichael, Marion B. Stokes*, for appellee.