A06A2120. MILLER v. COLEMAN.
(643 SE2d 797)

BERNES, Judge.

Appellant Jason Miller and appellee Teresa Coleman executed a contract for the sale of real property. After the parties failed to close the transaction, the listing broker filed a complaint for interpleader in order to determine the proper distribution of the earnest money that it held pursuant to the contract. Miller in turn filed a cross-claim against Coleman for specific performance and breach of contract. Coleman filed a motion for summary judgment, which was granted by the trial court. Miller appeals contending the trial court erred in determining that Coleman was entitled to a distribution of the earnest money. For the reasons that follow, we reverse the trial court's judgment.

> Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable inferences most favorably to the nonmoving party.

(Citation omitted.) *Daniel Mill, LLC v. Lyons*, 283 Ga. App. 604, 605 (642 SE2d 226) (2007).

So viewed, the record reflects that in July 2004, Miller entered into a written contract to purchase real property from Coleman. Miller tendered $10,000 in earnest money pursuant to the contract. The contract provided for a closing date of September 1, 2004.

On the scheduled closing date, Coleman and her real estate agent appeared at the office of the closing attorney and were informed that Miller had been unable to secure financing for the transaction, but that the lender was still working on the loan. According to Miller's attorney, Coleman agreed that the closing would be rescheduled once the lender gave a "clear to close." The parties and their agents were subsequently notified that Miller's financing had been obtained and the closing was rescheduled for October 14, 2004.

On the date of the rescheduled closing, Miller, his agent, and Coleman's agent appeared at the closing attorney's office. While Miller was reviewing the closing documents, Coleman's agent called Coleman to find out where she was. During the phone conversation, Coleman's agent learned for the first time that Coleman contended the contract had expired and that she refused to close the transaction.

After both parties asserted claims to the earnest money, the listing broker filed a complaint for interpleader so that the court could determine its disbursement. The trial court allowed the listing broker to interplead and deposit the earnest money into the registry of the court. Miller subsequently filed an answer and counterclaim against Coleman, in which he asserted claims for specific performance, specific performance for detrimental reliance, and breach of contract. Coleman moved for summary judgment, asserting that the unambiguous terms of contract entitled her to the earnest money as a matter of law. The trial court agreed and ordered payment of the money to Coleman.

1. The contract provided that time was of the essence and contained a merger clause that required all modifications to the contract to be in writing. It also included the following paragraph:

> 6. Purchaser shall have 7 days from acceptance date to obtain a financing commitment. If unable to do so, Purchaser must notify Seller in writing within the 7 day periods [sic] and receive a full earnest money refund. After the 7 day period, Purchaser's earnest money of $10,000 shall be non-refundable if Purchaser fails to close due to any fault of the Purchaser.

The trial court held simply that Miller violated the time is of the essence provision when he failed to secure financing within seven days and failed to close on September 1, 2004 without the parties having agreed in writing to a modification of the contract terms. The

trial court further concluded that in the face of an unambiguous contract, it was not authorized to consider parol evidence or the parties' conduct.

However, it is well established that even if time is of the essence of a contract, the seller may waive timely performance orally or by conduct. See *Edwards v. McTyre*, 246 Ga. 302, 303 (3) (271 SE2d 205) (1980); *Smothers v. Nelson*, 246 Ga. 216, 217-218 (1) (271 SE2d 137) (1980); *Bolton v. Barber*, 233 Ga. 646, 648 (2) (212 SE2d 766) (1975); *Perry Dev. Corp. v. Colonial Contracting Co.*, 231 Ga. 666, 668-669 (4) (203 SE2d 475) (1974); *Ray M. Wright, Inc. v. Stinchcomb*, 259 Ga. App. 212, 215 (576 SE2d 566) (2002); *Frank v. Fleet Finance*, 227 Ga. App. 543, 545-546 (1) (a) (489 SE2d 523) (1997). Waiver may be shown by conduct both before or after the closing date and irrespective of the existence of a contractual requirement that all modifications be in writing. See *Edwards*, 246 Ga. at 303 (3) ("Even though the contract stated that time was of the essence, this provision can be waived and conduct either before or after the closing date may show waiver.") (citation omitted); *Bolton*, 233 Ga. at 648 (2) ("While the contract in the present case provided that no modification of it could be made except by written agreement, signed by both parties, this would not prevent a subsequent waiver of the time of performance by the conduct of the sellers."). In sum, "[a] seller should not, after the time for closing a sale, act in such a manner as to lead the buyer to believe that the time for closing will not be insisted upon." *Bolton*, 233 Ga. at 648 (2).

Here, there was evidence in the record of an oral waiver as well as evidence from which a waiver by conduct could be inferred. As previously noted, Miller's counsel contended that on September 1, 2004, the date the closing was originally scheduled, Coleman agreed to set the closing for a later date. On September 15, 2004, Coleman faxed a payoff statement from her lender to the closing attorney presumably in preparation for the rescheduled closing. On September 21, 2004, Coleman's attorney sent a fax to the closing attorney directing him to show certain disbursements from Coleman's proceeds on the settlement statement. And finally, on October 14, 2004, the day of the rescheduled closing, the closing attorney faxed the settlement statement to one of Coleman's attorneys, who in turn requested that certain revisions be made to the document before the closing could be finalized. While Coleman contends that she did not waive the time provisions of the contract or consent to a rescheduling of the closing in the absence of additional consideration, whether a waiver has taken place is a question for the trier of fact. *Ray M. Wright, Inc.*, 259 Ga. App. at 215.

Paragraph 6 of the contract quoted above provides that the earnest money would become nonrefundable after the seven-day

window "if [Miller] fail[ed] to close due to any fault of [Miller]." On the day of the rescheduled closing, it appears undisputed that Miller was ready, willing, and able to close. A question of fact exists as to whether the failure to close was Miller's fault. The trial court erred in granting summary judgment to Coleman. See *Edwards*, 246 Ga. at 303 (3); *Bolton*, 233 Ga. at 648 (2); *Perry Dev. Corp.*, 231 Ga. at 668-669 (4); *Ray M. Wright, Inc.*, 259 Ga. App. at 215; *Frank*, 227 Ga. App. at 545-546 (1) (a).

2. Because the trial court did not reach the merits of Miller's cross-claims for specific performance and breach of contract based upon the doctrines of waiver and estoppel, we do not address them here.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007.

*Welch & Tetreault, Victor J. Tetreault*, for appellant.
*C. James McCallar, Jr.*, for appellee.