## A07A0208. J & E BUILDERS, INC. v. R C DEVELOPMENT, INC.

(646 SE2d 299)

JOHNSON, Presiding Judge.

J & E Builders, Inc. filed suit against R C Development, Inc. seeking specific performance of a purchase and sale agreement for the purchase of real property in Coweta County and for attorney fees. J & E's complaint allegedly arose from R C's breach of the parties' purchase and sale agreement by refusing to close the transaction despite the fact that J & E brought a cashier's check to the closing table and was otherwise ready to purchase the property. Based on its count for specific performance, J & E filed a notice of lis pendens. R C asserted a counterclaim against J & E, alleging it was J & E that breached the purchase and sale agreement and seeking damages for the alleged wrongful filing of the lis pendens.

The parties stipulated to the following material facts: (1) the parties entered into a purchase and sale agreement for real property located in Coweta County; (2) the agreement was prepared by R C's agent; (3) the parties did not close Phase I on the date specified in the contract, but agreed to extend the closing date for Phase I to August 9, 2005; (4) the agreement provides that: "Seller will record a set of covenants, selected by the Purchaser for the subdivision, before the close of any lot."; (5) nothing in the agreement forbids or prevents J & E from creating a homeowners' association; (6) the agreement does not grant R C, the seller of the property, the right to approve, amend or reject any covenants selected by J & E for the property, including the creation of a homeowners' association; (7) J & E had sufficient funds for the purchase of Phase I at the closing; (8) J & E did not present a set of covenants to be recorded by R C; (9) R C refused to close the sale of the property at the closing because J & E did not present a set of covenants for recording by R C; (10) the contract specifies that J & E would obtain financing through the Bank of Georgia, but instead financing was obtained through Heritage Bank, which was present at the closing and prepared to provide certified funds to close the purchase.

When R C refused to close, J & E filed the present lawsuit. R C subsequently filed a motion for summary judgment on J & E's claims. R C contends that it is entitled to summary judgment because J & E, as the purchaser, failed to provide a set of covenants at the time of closing. J & E filed a motion for summary judgment demonstrating that it was ready, willing and able to close the sale of the property and that R C was not entitled to refuse to close the sale. According to J & E it was not required to provide a set of covenants at the closing and that, even if it were required to do so, R C waived the requirement. The trial court granted R C's motion for summary judgment and

denied J & E's motion.[1] J & E appeals the order. For reasons stated below, we reverse the trial court's order and direct the trial court to enter judgment in favor of J & E.

1. J & E contends the trial court erred in granting R C's motion for summary judgment because the contract does not require J & E to present restrictive covenants as a condition precedent to closing. We agree.

The contract in this case is unambiguous. According to the contract, "Seller will record a set of covenants, selected by the Purchaser for the subdivision, before the close of any lot." Thus, the contract expressly authorizes J & E, the purchaser of the property, to prepare a set of covenants of its own choosing, should it elect to have restrictive covenants at all. The contract does not require J & E to select a set of covenants.

Even if the contract is ambiguous, any ambiguity would need to be resolved most strongly against the drafter of the contract.[2] Since R C's agent is the one who drafted the contract, the contract must be construed against R C. The subject provision cannot be construed to place an affirmative duty upon J & E to present restrictive covenants as a condition precedent to closing. The trial court erred in granting summary judgment to R C and failing to grant summary judgment to J & E.

2. Even assuming that the contract did require J & E to provide a set of restrictive covenants at the closing, the evidence establishes that R C waived any such arguable requirement. J & E points to evidence showing that one week prior to the scheduled closing date for Phase I, J & E attended a meeting with R C and informed R C of its intention to prepare a set of covenants which would include the creation of a homeowners' association. R C's president informed J & E that he would not permit the filing of any covenants at the Phase I closing and that he would not permit the filing of any covenants of which he did not approve in advance because he did not want the Phase II property encumbered prior to the second closing. "Where a contract provides for performance of an obligation, the party bound to perform the obligation may be relieved and the obligation waived, where the other party to the contract repudiates the obligation by act or word, or takes a position which renders performance of the

---

[1] J & E notes in its brief that the trial court entered its order without reviewing the deposition transcripts of Claude Raptis and Mark Wright, relied upon by J & E in its motion for summary judgment. However, J & E has not alleged or argued that the trial court erred in failing to consider the transcripts; it merely requests that this Court consider the transcripts in rendering our ruling.

[2] *Reichman v. Southern Ear &c. Surgeons*, 266 Ga. App. 696, 699-700 (1) (598 SE2d 12) (2004).

obligation useless or impossible."[3] R C obviated any arguable requirement that J & E present covenants at the closing when its president, in no uncertain terms, refused to record the set of covenants that J & E would have presented at the closing.

Moreover, it is undisputed that the only reason in the record supporting R C's refusal to close on Phase I is the fact that J & E did not present any restrictive covenants at the closing. "[A] party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract."[4] Here, any failure by J & E to present restrictive covenants at the closing was solely the result of R C's previously voiced refusal to record them. R C's refusal to record the covenants which J & E would have selected is a clear breach of the subject provision of the contract.

In addition, the undisputed facts show that J & E chose to proceed to closing without insistence upon R C's compliance with the condition precedent. J & E arrived at the closing table ready, willing and able to close without the restrictive covenants. However, despite J & E's willingness to close without R C having recorded the restrictive covenants, R C refused to close on the pretense that J & E had not brought to the closing a set of the covenants that R C had already indicated it would not file. The undisputed facts in this case demand a grant of summary judgment to J & E.

3. R C argues that the trial court did not err in granting summary judgment in its favor because J & E obtained financing through Heritage Bank, which was not the lender specified in the contract. This fact does not give R C a right to terminate the contract. Financing provisions in a contract are for the protection of the purchaser, and the purchaser has the ability to waive the requirements of the financing provisions.[5] A purchaser may obtain the cash to close from a source other than one specified in the contract so long as it does, in fact, obtain the cash to close.[6] Here, a representative from Heritage Bank attended the closing and brought with him sufficient funds to close the purchase. R C cannot use this ground as

---

[3] (Citations omitted.) *Taliafaro, Inc. v. Rose*, 220 Ga. App. 249, 250 (1) (469 SE2d 246) (1996).

[4] (Citations and punctuation omitted.) *Bourke v. Webb*, 277 Ga. App. 749, 751 (1) (627 SE2d 454) (2006); see also *Homelife Communities Group v. Rosebud Park*, 280 Ga. App. 120, 121-122 (633 SE2d 423) (2006).

[5] See *Brack v. Brownlee*, 246 Ga. 818, 820 (273 SE2d 390) (1980); *Deal v. Dickson*, 231 Ga. 366 (202 SE2d 41) (1973). It should be noted that these cases deal with contingency financing provisions and not a specific provision dictating the lender to be used to obtain financing.

[6] See *Edwards v. McTyre*, 246 Ga. 302 (271 SE2d 205) (1980) ("if the buyer actually has the purchase price in cash to pay the seller as required by the contract, it should not make any difference to the seller how the cash is obtained").

a basis for summary judgment in its favor. The trial court's entry of summary judgment in favor of R C is reversed, and the trial court is hereby ordered to enter a finding of summary judgment in favor of J & E.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 2, 2007 —
RECONSIDERATION DENIED MAY 21, 2007.

*Greenberg Traurig, Mark G. Trigg, Hayden R. Pace*, for appellant.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.