### 21663. WATSON v. WHATLEY.

Submitted June 11, 1962—Decided June 25, 1962.

*Covington, Kilpatrick & Storey*, for plaintiff in error. *Harl C. Duffey, Fullbright & Duffey*, contra.

Almand, Justice. Ollie Whatley sought to recover a money judgment against Joel Watson by reason of his alleged tortious conduct causing her to be injured and damaged. She attached to her petition as exhibits (a) a descriptive list of the real and personal property owned by the defendant in Floyd County and (b) an affidavit of one W. O. Green that he, Green, on March 8, 1962, had a conversation with one C. H. Cooper, a real estate agent, wherein Cooper stated he had been discussing with the defendant the possibility of selling all his property. The prayers of the petition were for a money judgment, an order restraining the defendant from selling, transferring or encumbering the properties listed in the exhibit pending the litigation, and that the restraining order be entered upon the lis pendens docket. On presentation of the petition the court granted a temporary in-

junction and ordered that it be spread on the lis pendens docket. This order was issued ex parte and did not contain a rule nisi.

The defendant filed (a) a motion to dissolve the temporary injunction, (b) a motion that the notice of lis pendens be stricken from the lis pendens docket, (c) his verified answer in which he denied the allegation of the petition that he was attempting to dispose of his properties, and (d) a motion to strike two paragraphs of the petition and the two prayers relating to injunctive relief and lis pendens. Upon a hearing all these motions were overruled, and an interlocutory injunction was granted. The bill of exceptions assigns error on these orders.

■ Though the plaintiff's claim is for unliquidated damages and she comes within the definition of creditor under *Code* § 28-101 she may not as a general rule enjoin the defendant as her debtor from disposing of his property nor obtain an injunction or other extraordinary relief in equity. *Code* § 55-106. The only allegation in her petition for injunctive relief is in paragraph 8, viz., "That said defendant threatens to sell and dispose of his said properties, prior to the determination of the matter herein complained of, and as a matter of fact is presently attempting to procure purchasers for said property, in an effort to put his said properties beyond the reach of plaintiff herein, should a judgment be procured against him. That if said defendant is allowed to dispose of his said properties, he will be otherwise insolvent and that plaintiff will suffer irreparable damages in that defendant will not have sufficient assets to answer any judgment that might be awarded in said matter, as will be evidenced by reference to Exhibit 'B', attached hereto and made a part hereof." The only attempt to support this allegation was by an affidavit of one W. O. Green, Jr. that "he had a conversation with Mr. C. H. Cooper and the other one employee of Cooper Realty Company in the office of Cooper Realty Company and that he was informed by them that they had been discussing with Joel Watson of Hardy Street, Rome, Georgia the possibilities of selling all of the real property of Joel Watson and that they were to see him during the week of March 5, 1962, about this transaction after Joel Watson

got all of his property together, and that Mr. Cooper refused to sign an affidavit to the matters herein set forth, and that Janese Evans, Notary Public, Floyd County, Georgia, was a witness to said conversation."

This evidence was hearsay and of no probative value. *Longstreet v. Longstreet*, 205 Ga. 255 (4) (53 SE2d 480). There is no evidence in the record that takes her out of the general rule stated in *Code* § 55-106, and the court erred in enjoining the defendant from disposing of his properties. See *Dortic v. Dugas*, 52 Ga. 231; *Lawrence v. Lawrence*, 196 Ga. 204 (1) (26 SE2d 283).

The case of *Mosley v. Lynn*, 172 Ga. 193 (2) (157 SE 450) relied on by the plaintiff is not controlling in that the ruling there made was upon demurrer and is not a full-bench decision.

■ The court erred in ordering the injunctive order spread upon the lis pendens docket. At common law and under statutory provisions lis pendens may not be predicated upon an action or suit which seeks merely to recover a money judgment. *Wells v. Blitch*, 184 Ga. 616 (1) (192 SE 209); *Jackson v. Faver*, 210 Ga. 58 (1) (77 SE2d 728). The act of 1939 (Ga. L. 1939, p. 345) which provides for keeping by the clerks of the superior court of a lis pendens docket clearly shows that only those suits or actions which involve real property are to be docketed.

■ The court likewise erred in refusing to strike the paragraphs and prayers relating to injunctive relief and to lis pendens, and also in refusing to strike the lis pendens notice from the lis pendens docket, these allegations and prayers being irrelevant to the tort action.

*Judgment reversed. All the Justices concur.*