22042.   WILSON v. BLAKE PERRY REALTY
COMPANY et al.

ARGUED MAY 14, 1963—DECIDED MAY 29, 1963.

58

*Walter E. Baker, Jr., W. Harvey Armistead,* for plaintiff in error.

*Edward D. Wheeler, Herbert O. Edwards, L. Jack Swertfeger, Jr., George P. Dillard, Robert E. Mozley,* contra.

MOBLEY, Justice. Since plaintiff's petition as amended shows that the defendant commissioners had confirmed the sale and deeded the property to defendant Blake Perry Realty Company, the only prayer for temporary injunction that was before the trial court on the hearing was to temporarily enjoin Blake Perry Realty Company and Blake Perry from in any way changing the present status of the property pending the final outcome of the suit. Thus the question is did the trial judge abuse his discretion in denying a temporary injunction restraining defendants Blake Perry Realty Company and Blake Perry from changing the present status of the property until the issue of whether the sale was null and void is decided?

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." *Code* § 55-108. The trial judge did not abuse his discretion in denying the temporary injunction. There is no evidence that Blake Perry Realty Company plans to change the status quo of the property nor does the petition state what is meant by "status of the property." If plaintiff had reference to mortgaging or conveying the property, the pending suit seeking to declare plaintiff's deed null and void would be general notice to all the world, provided notice of the pending suit was filed on the lis pendens docket in the office of the clerk of the superior court where the land lies, *Code Ann.* § 67-2801, and one who purchased the property pending the suit would be affected by the decree rendered therein. *Code* § 37-117. Thus plaintiff was protected against conveyance of the property;

and, in the absence of any evidence of any proposed change in the status of the property, there clearly was no abuse of discretion by the trial court in denying the temporary injunction. *Brooks v. Carter*, 216 Ga. 836, 837 (1) (120 SE2d 332).

*Judgment affirmed. All the Justices concur.*