26474.   MARTIN v. BOHN.

HAWES, Justice. The appeal in this case is from a judgment for the defendant entered upon the verdict of a jury which verdict had been directed for the defendant at the close of all the evidence in the case. Martin sued Bohn for $4,500 alleged to be due under a certain real estate sale contract. Before the trial of the case he amended his complaint to add a count seeking, in the alternative, specific performance of an alleged contract to reconvey the property sold.

1. On the trial the evidence showed that the plaintiff and the defendant entered into a standard real estate sale contract by which the plaintiff agreed to sell the property in question to the defendant for $22,500, conditioned upon the defendant's ability to secure a first mortgage from a designated lender in the amount of $18,000. Defendant agreed to pay $2,250 down to the plaintiff and to give to the plaintiff a second mortgage to secure the payment of $2,250, which sum would be due in 12 months. Plaintiff testified that prior to the consummation of that agreement the parties abandoned it and entered into a new agreement to the effect that the buyer would reconvey the property in question to the seller when he (the buyer) was transferred out of the Macon area. On cross examination plaintiff testified that, in consummating the sale, they were absolutely not complying with the original written sale contract and that, in this action, he was relying solely on the agreement to reconvey. However, he stated several times on cross examination that he would give the defendant his choice as to whether he would convey the house and lot back to him or pay the $4,500 agreed to be paid as the down payment. It will thus be seen that the plaintiff's own testimony was vague, indefinite, uncertain and equivocal as to the cause of action on which he was seeking a recovery. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague or equivocal; and unless there be other evidence tending to establish his right to recover he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." Green, Georgia Law of Evidence, 194, § 81; *Steele v. Central of Ga. R. Co.*, 123 Ga. 237 (1) (51 SE 438); *Bullard v. Bullard*, 214 Ga. 122, 124 (103 SE2d 570); *Toole v. Gallion*, 221 Ga. 294, 297 (144 SE2d 360). The plaintiff's evidence construed in accordance with the foregoing rule shows that he had abandoned any claim to recover a money judgment under the original sale contract and was seeking only to have specific performance of the alleged contract to re-convey.

2. The contract which the plaintiff thus sought to have specifi-

cally performed was evidenced by an instrument written in longhand by the defendant on a piece of loose-leaf notebook paper. It reads: "12-6-67. When I am transferred out of the Macon area I will turn the house at Crestwood Lot 10A back to Mr. M. M. Martin. Robert S. Bohn." Specific performance of a contract is not a remedy which a party thereto may have as a matter of right. Before specific performance of a contract will be decreed it must appear that the contract is definite, certain and clear, and so precise in its terms as to the thing or things to be done by the party whose performance is sought to be compelled that neither party can reasonably misunderstand it. *Studer v. Seyer,* 69 Ga. 125. Furthermore, since specific performance is an equitable remedy, it must appear that a contract for the sale of realty is equitable and just and that the price to be paid is fair, and a court of equity may properly refuse to decree performance of such a contract should inadequacy of consideration or other facts showing the contract to be unfair or unjust appear. *Bullard v. Bullard,* 202 Ga. 769 (1) (44 SE2d 770); *Morgan v. Mitchell,* 209 Ga. 348, 350 (72 SE2d 310); *Alexander v. American Legion Post No. 28,* 209 Ga. 285 (71 SE2d 627); *Veal v. Veal,* 212 Ga. 471 (1) (93 SE2d 751); *Logan v. Logan,* 223 Ga. 574 (2) (156 SE2d 913); *Morris v. Yates,* 226 Ga. 43 (3) (172 SE2d 428). The contract sought to be specifically performed in this case is so vague, uncertain, indefinite and imprecise in its terms as to be utterly incapable of having specific performance decreed. Furthermore, it appears on its face to be utterly devoid of consideration. Therefore, the trial court properly refused to decree specific performance.

3. It follows that the trial court did not err in directing a verdict for the defendant and in thereafter entering judgment for the defendant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 13, 1971—DECIDED JUNE 2, 1971.

*Aultman, Hulbert, Buice & Cowart, Roy N. Cowart,* for appellant.

*R. Joneal Lee,* for appellee.