### 67101. EVANS v. FULTON NATIONAL MORTGAGE CORPORATION et al.

BANKE, Judge.

The appellant previously filed suit against his adjacent landowner, Jeb, Inc., as well as several other defendants, seeking monetary damages and injunctive relief based on allegations that development activities being carried out on Jeb's property had injured him by increasing the flow of surface waters onto his property. In connection with this prior suit, he also filed a notice of *lis pendens* with respect to the Jeb property. By superior court order, the *lis pendens* was subsequently cancelled with respect to a portion of the property, apparently because all development activities thereon had been completed, but it was left intact with respect to the remainder of the land.

While the appellant's suit respecting the Jeb property was pending, Jeb transferred the land to Aim Land, Inc., and it was subsequently subdivided and resold to various other purchasers. These sales were financed by the appellees in the case before us now, who took deeds to secure debt as security for the loans. Thereafter, the appellant obtained a money judgment, but not injunctive relief, in the suit against Jeb. He then sued the appellees, seeking to impose a special lien against the property based on the fact that it had been transferred subject to the *lis pendens.* This appeal is from the trial court's grant of the appellees' motions for judgment on the pleadings in this latter suit. *Held:*

"*[L]is pendens* may not be predicated upon an action or suit which seeks merely to recover a money judgment." *Watson v. Whatley,* 218 Ga. 86, 88 (2) (126 SE2d 621) (1962). Rather, its purpose is to notify prospective purchasers that the property in question is directly "involved" in a pending suit, in the sense that the suit seeks "some relief . . . respecting that particular property." *Kenner v. Fields,* 217 Ga. 745, 747 (125 SE2d 44) (1962); *Hill v. LaManagement Corp.,* 234 Ga. 341, 343 (216 SE2d 97) (1975). See generally OCGA § 44-14-610 (Code Ann. § 67-2801). A classic example of such a suit is one which seeks to have a prior conveyance of the property set aside or declared null and void. *Wilson v. Blake Perry Realty Co.,* 219 Ga. 57 (131 SE2d 555) (1963).

While the *lis pendens* filed by the appellant with respect to his suit against Jeb was certainly valid to the extent that the suit sought equitable relief with respect to the property in question (see *Griggs v. Gwinco Dev. Corp.,* 240 Ga. 487 (241 SE2d 244) (1978)), the notice did not operate to create a special lien on the property which could be used to satisfy a money judgment. See *Aiken v. C & S Bank of Cobb Co.,* 249 Ga. 481 (3) (291 SE2d 717) (1982). Whether or not a *lis pendens* has been filed, a lien of judgment does not attach to the property of a defendant so as to bind innocent purchasers unless and until execution is issued thereon and entered upon the general execution docket. See OCGA § 9-12-81 (Code Ann. § 39-701); *Jackson v. Faver,* 210 Ga. 58 (4), 59 (77 SE2d 728) (1953). It follows that the trial court did not err in granting the appellees' motions for judgment on the pleadings.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 25, 1983.

Griffin Patrick, Jr., for appellant.
Marion Smith II, Dana E. Garrett, Caryn R. May, Gary W. Hatch, John G. Parker, Buddy M. Mears, for appellees.