A97A0449. BACKMAN et al. v. PACKWOOD INDUSTRIES, INC. et al.
(489 SE2d 135)

POPE, Presiding Judge.

Plaintiffs Garrett Backman, Charles Backman and Gene Anderson d/b/a John Galt Associates (collectively "Galt") brought an abusive litigation claim under OCGA § 51-7-81 against defendants Packwood Industries, Inc. and its principals, Joseph Brusich and Ann Brusich (collectively "Packwood"). Galt also named the Branch, Pike & Ganz law firm and individual attorneys in that firm, namely James Rollins, Gregory Digel and Wade Anderson (collectively "BP&G"), as defendants in the suit based on their representation of Packwood. Each of the defendants answered Galt's complaint denying liability, and moved for summary judgment. Galt appeals from the trial court's grant of the defendants' motions. Concluding that there are no issues of material fact which would preclude summary judgment in favor of the defendants in this case, we affirm.

Construed in Galt's favor, the record evidence shows that in 1990 its predecessor leased a portion of real property located in DeKalb County to Packwood for use in Packwood's woodworking business. Under Paragraph 35 of the lease, Galt's liability to Packwood as the landlord with respect to the lease was limited solely to its interest in the rental project.

In July 1993, Packwood entered into an agreement to sell its assets to a third party and assign the lease to that third party. Pursu-

ant to the terms of the lease, Packwood sought permission for the assignment from Galt, who gave conditional permission. Galt's conditions, however, were not acceptable to the third party and the sale and assignment were not consummated. As a result, on September 13, 1993, Packwood filed a complaint against Galt in the Superior Court of Fulton County. In the complaint, which was filed on Packwood's behalf by BP&G, Packwood alleged the conditions imposed by Galt were not made in good faith as required by the lease and sought money damages for breach of the lease agreement and tortious interference with business relations, as well as litigation expenses. On that same date, BP&G also filed a lis pendens on Packwood's behalf in DeKalb County regarding the Fulton County lawsuit.

On January 3, 1994, Galt filed a petition in the Superior Court of DeKalb County to have the lis pendens cancelled on the ground that it had been improperly filed due to the fact Packwood's suit against Galt in Fulton County sought only money damages, and thus did not involve the property in question. Before DeKalb Superior Court ruled on the matter, however, Packwood amended its lawsuit in Fulton County so as to seek additional relief in the form of a constructive trust or equitable lien on the property. In its amended complaint, Packwood also sought injunctive relief that would prohibit any transfer of interest by Galt in the subject property and also sought rescission of Paragraph 35 of the lease agreement.

On June 8, 1994, DeKalb Superior Court cancelled the lis pendens. On June 19, 1994, BP&G filed a notice of appeal on Packwood's behalf regarding cancellation of the lis pendens. Five days later, Galt sent notice by registered mail to BP&G, notifying the firm, its members, Packwood and Packwood's principals, of Galt's intent to pursue an abusive litigation claim if Packwood's appeal of the order cancelling the lis pendens was not dropped and Packwood did not dismiss the amended portions of its complaint in Fulton County by July 24, 1994. Subsequently, DeKalb Superior Court dismissed Packwood's appeal of the cancellation order for want of prosecution. Thereafter, Packwood moved to have the order dismissing its appeal set aside. When DeKalb Superior Court denied Packwood's motion to set aside, Packwood applied for appellate review from this Court.

We denied Packwood's application finding it moot based on Galt's sale of the property to another party, but before we did so, Fulton Superior Court granted summary judgment to Galt as to all Packwood's claims. We affirmed Fulton Superior Court's action in *Packwood Indus. v. John Galt Assoc.*, 219 Ga. App. 527 (466 SE2d 226) (1995). On June 8, 1995, Galt filed the abusive litigation action against defendants, which is the subject of this appeal.

Under OCGA § 51-7-81, "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; *and* (2) Without substantial justification." (Emphasis supplied.) " 'Malice' means acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." OCGA § 51-7-80 (5). " 'Without substantial justification,' . . . means that such civil proceeding . . . is: (A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious." OCGA § 51-7-80 (7).

In their motions for summary judgment, defendants argued that as a matter of law Galt could not demonstrate that defendants had filed or pursued the lis pendens without substantial justification. Galt responded by arguing that there could be no substantial justification for filing the lis pendens because its filing was groundless as a matter of law based on ample case authority from this State. In support of this "ample authority" argument, Galt relied on cases like *Watson v. Whatley*, 218 Ga. 86, 88 (2) (126 SE2d 621) (1962) and *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600, 601 (309 SE2d 884) (1983), and their statement of the general rule that the filing of a lis pendens pursuant to an action or suit seeking only money damages is improper. As pointed out in *Evans*, however, it is not improper to file a lis pendens pursuant to an action seeking equitable relief with respect to the property which is the subject of the lis pendens. 168 Ga. App. at 601; see *Griggs v. Gwinco Dev. Corp.*, 240 Ga. 487 (241 SE2d 244) (1978).

In the case at bar, although it is true that the original complaint BP&G filed for Packwood in Fulton County sought only money damages, it is undisputed that that complaint had been amended so as to seek equitable relief against the property in question prior to the time DeKalb Superior Court ordered the lis pendens cancelled and prior to any notice from Galt of its intent to file an abusive litigation claim. An amendment to a complaint in accordance with OCGA § 9-11-15 (a) seeking to modify the relief sought properly relates back to the time of filing of the original complaint. See OCGA § 9-11-15 (c); *Pardue Constr. Co. v. City of Toccoa*, 147 Ga. App. 132, 134 (5) (248 SE2d 199) (1978). Accordingly, at all times relevant, Packwood's complaint is deemed to have contained a request for equitable relief involving the property in question. Thus, the trial court in this case did not err in rejecting Galt's ample authority argument, and concluding as a matter of law that it could not be said that defendants had no substantial justification for filing and continuing to pursue the lis pendens. See *Owens v. Generali — U. S. Branch*, 224 Ga. App.

290, 293 (480 SE2d 863) (1997) (question regarding whether a claim lacks substantial justification as being groundless in law is a question of law for determination by the trial court).

Additionally, in light of Paragraph 35's limitation of Galt's liability for any violation of the lease to Galt's interest in the leased property, and the fact that we are unaware of any decision in this State holding that a lis pendens is not proper when it is filed pursuant to a claim involving a leasehold, especially where the lease contains such a limitation regarding the lessor's liability, we conclude that at the very least, the filing of the lis pendens in this case was a good faith novel attempt to protect Packwood's interest in the leased property. For that reason, we further conclude that it cannot be said that the filing of the lis pendens was done either with malice or without substantial justification. See *Ellis v. Johnson*, 263 Ga. 514, 516-517 (2) (435 SE2d 923) (1993).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 16, 1997.

*Eidson & Associates, James A. Eidson, Timothy R. Brennan*, for appellants.

*Sullivan, Hall, Booth & Smith, Rush S. Smith, Jr.*, for appellees.

