A02A0936. HUTSON v. YOUNG et al.
(564 SE2d 780)

ELDRIDGE, Judge.

On August 8, 2001, Morris B. Hutson sued Tracy Young, Turner Cove Development, LLC, and Beacon Group Development, LLC for breach of an option contract, fraud, specific performance of the option, and reformation of an assigned option to purchase improved realty under construction as a townhouse development in Chatham County. At the same time as the filing of this suit, Hutson filed a lis pendens against this land. On September 11, 2001, the trial court entered an order cancelling the lis pendens filed by Hutson, from which he now appeals. The option to purchase realty, which lacked certainty as to the purchase price, requiring reformation, is not an interest as will authorize the filing of a lis pendens under OCGA § 44-14-610 et seq., because specific performance of such option on the face of the pleadings is not an available remedy when the trial court cannot determine if the purchase price is fair and equitable; therefore, no interest involving the land exists to support the lis pendens. Thus, the remaining action would be for money damages only.

Hutson contends that the trial court erred in dismissing his lis pendens. We do not agree and affirm.

> "To the existence of a valid and effective lis pendens, it is essential that three elements be present; that is, three material facts must concur: the [real] property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the [real] property involved must be sufficiently described in the pleadings."

*Walker v. Houston*, 176 Ga. 878, 880 (169 SE 107) (1933); in accord *Scroggins v. Edmondson*, 250 Ga. 430, 432 (2) (297 SE2d 469) (1982). The real property must "actually and directly [be] brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." *Kenner v. Fields*, 217 Ga. 745, 747 (125 SE2d 44) (1962), overruled in part on other grounds, *Scroggins v. Edmondson*, supra at 431, n. 1; accord id. at 433. A grant of a motion to cancel a notice of lis pendens does not raise any issue

concerning the merits of the claim. Id. Therefore, the order of cancellation is neither final nor goes to the merits, but is reviewable on interlocutory appeal without the grant of leave as a narrow exception to the statutes regarding appeals. Id. at 431. For such reason, any prior suit involving a cancellation of the lis pendens cannot be res judicata, because there was no final adjudication on the merits. See OCGA §§ 9-12-40; 9-12-42; *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110-111 (498 SE2d 255) (1998); *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 875 (1) (285 SE2d 566) (1981).

A lis pendens may not be based upon a suit for money damages only; the purpose of a lis pendens is to notify prospective purchasers that the real property in question is directly involved in a pending suit over title or an interest, i.e., a lien, an equitable interest, fraudulent conveyance, contract right, or other similar interest, which seeks some relief respecting such alleged interest in such realty. *Moore v. Bank of Fitzgerald*, 266 Ga. 190 (465 SE2d 445) (1996) (action to set aside a wrongful foreclosure); *Scroggins v. Edmondson*, supra at 430 (trustee in bankruptcy sought a lien or trust, because the debtor as a preference paid off the security deed on the property); *Watson v. Whatley*, 218 Ga. 86, 88 (2) (126 SE2d 621) (1962) (suit for money judgment only, lis pendens not authorized); *Quill v. Newberry*, 238 Ga. App. 184, 190-191 (2) (518 SE2d 189) (1999) (action to rescind sale of residence for fraud and to obtain a money judgment only, lis pendens not authorized). The pending suit must seek relief in law or equity involving the real property in the lis pendens to protect the alleged interest in the land. *Jay Jenkins Co. v. Financial Planning Dynamics*, 256 Ga. 39 (343 SE2d 487) (1986) (one parcel of land subject to a money judgment only, lis pendens not authorized; two parcels as part of a joint venture were subject to imposition of a trust, lis pendens authorized); *Backman v. Packwood Indus.*, 227 Ga. App. 416 (489 SE2d 135) (1997) (amended action sought to impose a trust or equitable lien on a leasehold interest in realty); *Scroggins v. Edmondson*, supra at 430; *Quill v. Newberry*, supra at 190-191; *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600 (309 SE2d 884) (1983) (action for damages caused by a nuisance, lis pendens not authorized). The reformation of a deed to show that the purchaser agreed to assume and to pay a home improvement loan was a case involving the improved property where the seller had a vested enforceable interest to authorize a lis pendens. *Head v. Stephens*, 215 Ga. 184, 186 (3) (109 SE2d 772) (1959) (action in equity for reformation of a deed). Thus, a suit to set aside a prior conveyance of land from a wrongful foreclosure is a "classic" example of involved real property within the meaning of the statute. *Moore v. Bank of Fitzgerald*, supra at 190; see also *Wilson v. Blake Perry Realty Co.*, 219 Ga. 57 (131

SE2d 555) (1963) (injunction and action to declare public auction of land null and void).

Where the litigation does not assert an interest in land, filing a lis pendens is improper. *South River Farms v. Bearden*, 210 Ga. App. 156, 157-158 (435 SE2d 516) (1993) (action did not involve the land listed in the lis pendens). Absent an interest in real property, which can be enforced in law or equity, or a determination by the trial court that no interest is involved, the lis pendens is unauthorized and may be cancelled by the trial court; thus, when an interest is terminated, there ceases to be an involvement with land to authorize a lis pendens. *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 753-754 (4) (d) (512 SE2d 671) (1999) (foreclosure sale terminated any ownership interest).

This action seeks to compel the specific performance of sale of personalty, i.e., two limited liability companies which own land. Such indirect suit involving land does not permit the filing of a lis pendens. *Hill v. L/A Mgmt. Corp.*, 234 Ga. 341, 343 (1) (216 SE2d 97) (1975).

Where the alleged interest cannot be enforced in law or equity, the lis pendens is not authorized or no longer authorized when the underlying suit no longer involves the land. See *Evans v. Fulton Nat. Mtg. Corp.*, supra at 601. Thus, if the pleadings or evidence before the trial court hearing the motion to cancel shows on its face that the plaintiff is not entitled to a remedy involving the real property, then the lis pendens is unauthorized. *South River Farms v. Bearden*, supra at 158; *Head v. Stephens*, supra at 186 (3). However, where a valid contract conveys an interest in realty, such interest can be protected by a lis pendens from subsequent purchasers, heirs, or assigns. *Conner v. Yawn*, 200 Ga. 500 (37 SE2d 541) (1946); *Seabolt v. Christian*, 82 Ga. App. 167 (60 SE2d 540) (1950).

A lis pendens and a suit for specific performance of a contract for purchase of land are appropriate, while determining the validity of the contract creating the interest involving the land by suit and whether specific performance is appropriate. *Panfel v. Boyd*, 187 Ga. App. 639 (371 SE2d 222) (1988). The alleged right in the purchase contract to buy the land provides the basis for specific performance and the lis pendens, as such involves an equitable remedy to compel the conveyance of the land; therefore, if specific performance is not a valid remedy or ceases to be an appropriate remedy, then the underlying authority for the lis pendens also ceases. Id. However, for specific performance to be an available remedy where an option to purchase realty is involved, the option must be certain, definite, and specific as to all essential elements: (1) subject matter; (2) purpose; (3) parties; (4) consideration; and (5) time and place of performance. Further, the contract must be fair in all parts; based upon an adequate consideration; and capable of being performed. *Williams v.*

*Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (1), (2) (97 SE2d 129) (1957); *Redmond v. Sinclair Refining Co.*, 204 Ga. 699, 704 (1) (51 SE2d 409) (1949); *Nowlin v. Davis*, 245 Ga. App. 821, 822 (1) (538 SE2d 900) (2000). "Although the description of the tract of land which the vendee agreed to buy is specific and certain, an analysis of the other terms of the contract shows that they are too vague, uncertain, and indefinite to be specifically [performed]." *Williams v. Manchester Bldg. Supply Co.*, supra at 101 (2). Where the written sale terms are too vague and uncertain to be enforced and require a count for reformation as to price, specific performance is not an available equitable remedy. See generally OCGA § 23-2-130; *Williams v. Manchester Bldg. Supply Co.*, supra at 101; *Cashin v. Markwalter*, 208 Ga. 444, 446 (3) (67 SE2d 226) (1951), overruled on other grounds, *Sikes v. Sikes*, 233 Ga. 97, 99 (209 SE2d 641) (1974); *Lee v. Green Land Co.*, 245 Ga. App. 558, 559-560 (1) (538 SE2d 189) (2000). In this case, the option to purchase this realty in the future where the purchase price must be calculated by adding various future expenses furnished by the seller yet to be incurred until the time of the exercise of the option and requiring reformation to make definite does not sufficiently involve the realty to authorize a lis pendens, because the option contract is too vague and remote to authorize specific performance and because the purchaser must prove the value of the property to enable the court to determine that the contract price was fair, just, and not against good conscience. *Surman v. Blansett*, 246 Ga. App. 183, 186 (2) (539 SE2d 890) (2000).

In this case, Hutson wanted the trial court to compel the defendants to furnish the information necessary to compute the sales price and to reform the option to reflect such sales price, which indicated that the option contract was too vague to authorize specific performance in the first instance. See *Lee v. Green Land Co.*, supra at 560 (1). The purchase price was $3,600,000 plus $1,365,000 plus additional uncertain daily fluctuating development costs incurred for the project up to the time of sale, which were uncertain and did not indicate the fair market value at the time the option was to be exercised. The purchaser "must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience." (Citations omitted.) *Moody v. Mendenhall*, 238 Ga. 689, 693 (6) (234 SE2d 905) (1977). "[W]hether the price was adequate and whether enforcement of the contract was equitable" were for the trial court to determine as a matter of equity. *English v. Muller*, 270 Ga. 876, 877 (2) (514 SE2d 194) (1999). Thus, on the face of the pleadings and the evidence before the trial court at the hearing to cancel the lis pendens, the essential elements necessary for specific performance did not appear, and it does not appear that such elements can be proven at trial, i.e., purchase price and costs or that

the price was fair and adequate without reformation of the contract. *Murrey v. Specialty Underwriters*, 233 Ga. 804, 807-808 (213 SE2d 668) (1975) (motion to dismiss action for specific performance affirmed); *Alexander v. American Legion Post No. 28 &c.*, 209 Ga. 285 (71 SE2d 627) (1952).

Further, although all of the essential elements for specific performance for the sale of realty may exist, a party is not entitled to such remedy as a matter of right, because whether or not specific performance is appropriate in a specific case is a matter in the sound discretion of the superior court judge as equitable and just. *Kelly v. Vargo*, 261 Ga. 422, 423 (2) (405 SE2d 36) (1991); *Martin v. Bohn*, 227 Ga. 660, 662 (2) (182 SE2d 428) (1971); *Surman v. Blansett*, supra at 186 (2). Where the trial court in a specific performance action, after hearing undisputed evidence, cancels a lis pendens, the trial court as a matter of sound discretion has implicitly determined that specific performance is not an appropriate remedy in such case. See generally *Shaw v. Miller*, 215 Ga. 413, 416 (3) (110 SE2d 759) (1959). Whether the price was adequate and whether enforcement of the contract was equitable so as to support a claim for specific performance are questions of fact for the superior court. *Moore v. Buiso*, 235 Ga. 730, 732 (2) (221 SE2d 414) (1975); *Surman v. Blansett*, supra at 186 (2). Where a lis pendens has been filed that is not authorized as was the case here, the trial court does not err in ordering it cancelled. *Hill v. L/A Mgmt. Corp.*, supra at 343-344 (1).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 25, 2002.

*Julian H. Toporek*, for appellant.
*Oliver, Maner & Gray, Marvin A. Fentress*, for appellees.