## A05A1440. COLONY BANK SOUTHEAST v. BROWN et al.

(622 SE2d 7)

MIKELL, Judge.

Colony Bank Southeast ("Colony Bank") appeals from the trial court's order denying its petition to cancel, in whole or in part, a lis pendens filed against five acres of property owned by Kyle Waldron in Coffee County. Colony Bank contends on appeal that it is entitled to cancellation because the lawsuit that resulted in the filing of the lis pendens does not "involve" property within the meaning of OCGA § 44-14-610. In the alternative, Colony Bank asserts that it is entitled to a cancellation of the lis pendens on a portion of Kyle Waldron's property. For the reasons set forth below, we affirm.

The record shows that the owners of property adjacent to the five acres owned by Kyle Waldron and ninety-four acres owned by Mary June Waldron filed suit against the Waldrons, Pioneer Housing Systems, Inc., and Coffee County in federal court as a result of a man-made lake constructed by the Waldrons. The adjacent property owners alleged that the lake was constructed in violation of the Clean Water Act,[1] the Georgia Water Quality Control Act,[2] and the Georgia Erosion and Sedimentation Act of 1975.[3] The adjacent owners also alleged that the creation of the lake raised the local water table because the lake was constructed without a clay liner and the berm constructed around the perimeter of the lake caused the surface of the lake to be six to twelve inches higher than the surrounding land surface. They assert that the changes to the local water table caused by the lake's construction resulted in standing water and septic tank problems on their properties, as well as a decrease in fair market value. Finally, the adjacent owners assert that Kyle Waldron failed to comply with an order issued by the U. S. Army Corps of Engineers to either (1) restore the stream and wetlands back to their pre-existing conditions; or (2) implement a wetlands mitigation plan.

The adjacent owners asserted they were entitled to money damages based on theories of trespass, nuisance, and negligence. They also sought injunctive relief and civil penalties as a result of the defendants' violations of the Clean Water Act. The injunctive relief sought included requests that the court order: (1) all defendants to restore the biological and ecological integrity of the area; (2) restoration of the creek and the attendant wetlands to their original condition; (3) the design and installation of adequate measures to address any hydrologic changes to the waters flowing under the

---

[1] 33 USC § 1251 et seq.

[2] OCGA § 12-5-20 et seq.

[3] OCGA § 12-7-1 et seq.

plaintiffs' properties; (4) installation of a clay liner; and (5) restoration of the local water table by lowering the surface level of the lake.

After filing the federal lawsuit, the adjacent landowners filed a notice of lis pendens to notify potential purchasers of the Waldrons' property about the pending lawsuit. Colony Bank filed a petition to cancel the lis pendens with regard to the five acres owned by Kyle Waldron because it wished to foreclose on the property as a result of Waldron's default on a $850,000 loan secured by the property. According to the bank, the lis pendens negatively impacts the amount the property would bring in a foreclosure sale. After conducting an evidentiary hearing, the trial court denied Colony Bank's petition to cancel the lis pendens.

1. Colony Bank contends that because the federal lawsuit did not "involve" Kyle Waldron's land, the lis pendens was improper and should be cancelled. See OCGA § 44-14-610. We reject this argument because we find the federal lawsuit did "involve" Kyle Waldron's land.

The purpose of a lis pendens "is to notify prospective purchasers that the property in question is directly 'involved' in a pending suit, in the sense that the suit seeks 'some relief respecting that particular property.'" (Citations and punctuation omitted.) *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600, 601 (309 SE2d 884) (1983). Land must be "involved" in the suit as a prerequisite to a valid lis pendens pursuant to OCGA § 44-14-610, which provides:

> No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property *involved* therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property *involved, and a statement of the relief sought regarding the property.*

(Emphasis supplied.) See also *Griggs v. Gwinco Dev. Corp.*, 240 Ga. 487 (241 SE2d 244) (1978).

In this case, the federal lawsuit sought specific equitable relief with respect to Kyle Waldron's land. It sought, among other equitable relief, a restoration of the land to its original condition and the installation of measures to address changes in the flow of water underneath the Waldrons' land. We find that the equitable relief sought here is similar to the relief sought in *Griggs*, supra, and that it therefore "involves" the land for purposes of a lis pendens notice. In

*Griggs*, the Supreme Court found that land was "involved" in a lawsuit brought by adjoining landowners for an injunction requiring the defendants to remove obstructions of a creek that caused unnatural amounts of water on their land. Id. at 487.

We find no merit in Colony Bank's claim that the equitable relief sought by the plaintiffs in the federal suit applied only to the ninety-four acres owned by Mary Waldron, and not the five acres owned by Kyle Waldron. No such distinction is made in the federal complaint. And, the only record evidence Colony Bank points to in support of this claim is the fact that the ten-acre lake sits on only .31 acres of the five-acre tract.[4] As a portion of the lake sits on the five-acre tract, and the remedial measures sought in the federal suit may well involve the entire five-acre tract, the suit "involved" the five-acre tract. We also find no merit in Colony Bank's claim that our opinion in *Hutson v. Young*, 255 Ga. App. 169 (564 SE2d 780) (2002), requires a different result. In *Hutson*, we found that when a party was not entitled to equitable relief on the merits, but only money damages, the suit did not "involve" the land and the trial court properly cancelled the lis pendens. Id. at 172-173. *Hutson* should not be construed as holding that a party must assert a legal or equitable "interest" in the land in order to file a valid lis pendens. Any statements to this effect in *Hutson* are nonbinding dicta that is contrary to the Supreme Court's opinion in *Griggs*, supra.

2. Colony Bank argues in the alternative that (1) the trial court failed to consider its argument that it should partially cancel the lis pendens for the portion of the five-acre tract that does not include the lake itself; and (2) that it was entitled to a partial cancellation of the lis pendens.

(a) Colony Bank's claim that the trial court failed to consider its request for partial cancellation is not supported by the record. Colony Bank requested this alternative relief in its petition for cancellation, in the hearing on its petition, and in its post-hearing briefs. After receiving the parties' post-hearing briefs, the trial court denied Colony Bank's petition in its entirety after considering "the arguments, record, evidence and law." Since Colony Bank points to no record evidence showing the trial court failed to consider its alternative request, we find no merit in this portion of its argument.

(b) We further find no merit in Colony Bank's argument that the trial court should have partially cancelled the lis pendens because the five-acre tract *could* be subdivided in a manner that creates a 3.9-acre tract that includes the house, and a 1.10-acre tract abutting the lake.

---

[4] Colony Bank's contention that all construction activity relating to the pond occurred on the 94-acre tract is not supported by Colony Bank's citations to the record.

Thus, according to Colony Bank, the lis pendens should have been partially cancelled as to the 3.9 acres.

Colony Bank's sole support for this position is our opinion in *Evans v. Fulton Nat. Mtg. Corp.*, supra. In *Evans*, an adjoining landowner filed a suit seeking monetary damages and injunctive relief, alleging that his neighbor's construction activities were increasing the flow of surface waters onto his property. The plaintiff also filed a lis pendens with regard to the property. In our summary of the facts, we noted that the trial court subsequently cancelled the lis pendens "with respect to a portion of the property, apparently because all development activities thereon had been completed, but it was left intact with respect to the remainder of the land." Id. at 600.

While the suit was pending, the defendant sold its land, which was subdivided, and sold again to multiple purchasers. When the plaintiff later obtained a money judgment, but not injunctive relief, against the original defendant, he sued the subsequent purchasers to impose a lien against their property based on the lis pendens. We affirmed the trial court's grant of summary judgment to the subsequent purchasers, finding that the money judgment could not operate to create a special lien on the property of the innocent purchasers. *Evans v. Fulton Nat. Mtg. Corp.*, supra at 601.

This opinion does not support Colony Bank's position; we did not hold in *Evans* that a trial court has the power to partially cancel a lis pendens because a tract of land could theoretically be subdivided and that issue was not presented for our consideration. We further find that even if a trial court is authorized to partially cancel a lis pendens, it would not be appropriate on the facts of this case. The injunctive relief sought by the plaintiffs in the federal suit included the "design and installation of adequate measures to address any hydrologic changes to the waters which flow under the plaintiffs' properties." As these measures might involve the entire five-acre tract, partial cancellation cannot be justified and potential purchasers of the property are entitled to notice that the land might be involved in such remedial measures.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2005 —
RECONSIDERATION DENIED OCTOBER 13, 2005 —

*Moore, Clarke, DuVall & Rodgers, James H. Moore III, David B. Folsom,* for appellant.
*Donald D. J. Stack, Martin A. Shelton,* for appellees.