**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** ***physically received*** **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 16, 2014**

# In the Court of Appeals of Georgia

A13A2225. MELJON v. SONSINO, et al.

RAY, Judge.

This appeal seeks to reverse an order cancelling of record a notice of lis pendens. For the reasons that follow, we reverse.

In August 2007, appellant Solly Meljon[1] and appellee Victor Sonsino, through a company Sonsino owned called Carmel Industries, Inc., agreed to purchase real property in Marietta. Allegedly in contravention of the agreement, Sonsino then took out a loan using the Marietta property as collateral. More than a year later, in October 2008, Sonsino conveyed a separate property that he owned in Dunwoody to his sister-in-law, appellee Helen Sonsino, via a quitclaim deed. In October 2010, the bank foreclosed on the Marietta property after Carmel Industries defaulted.

---

[1] Meljon is also known as Solly Melyon.

Meljon then sued the Sonsinos, seeking damages for, inter alia, conversion and breach of agreement related to the Marietta property. He also alleged that Victor Sonsino had fraudulently transferred ownership of the Dunwoody property to Helen Sonsino to shield it from Meljon's legal claims. Meljon sought a temporary restraining order and interlocutory injunction to prevent the Sonsinos from selling, assigning, or mortgaging the Dunwoody property. Contemporaneously with his pro se complaint, Meljon filed a notice of lis pendens and attached the recorded deed for the Dunwoody property.

Helen Sonsino moved to cancel the lis pendens, arguing that because the primary dispute was over the Marietta property, the Dunwoody property was not "involved" in the litigation pursuant to OCGA § 44-14-610; Meljon sought only to prevent conveyance of the Dunwoody property and did not claim an interest in it. With the assistance of counsel, Meljon amended his complaint to allege, inter alia, fraudulent conveyance of the Dunwoody property from Victor Sonsino to Helen Sonsino and to have such transfer voided. The trial court granted Helen Sonsino's motion to cancel the lis pendens in an order stating only that Meljon had failed to meet the requirements of a lis pendens cause of action under OCGA § 44-14-610. Meljon appeals.

In his sole enumeration, Meljon contends that the trial court erred in granting the motion to cancel the lis pendens because the Dunwoody property was involved in the litigation and because he met the requirements for creating a lis pendens.

Meljon has met the technical statutory requirements for filing a lis pendens. See OCGA § 44-14-610.[2] However, Georgia continues to require a showing of the common law elements of lis pendens. *Boca Petroco, Inc. v. Petroleum Realty II*, 285 Ga. 487, 489 (678 SE2d 330) (2009). These elements are the following:

> [T]he property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject matter; and the property involved must be sufficiently described in the pleadings. Further, the real property must be 'involved' in the suit within the meaning of [OCGA § 44-14-610], *i.e.*, it must be property which is actually and directly brought into the litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.

(Citations and punctuation omitted; emphasis in original.) *Scroggins v. Edmondson,* 250 Ga. 430, 432 (2) (297 SE2d 469) (1982).

---

[2] OCGA § 44-14-610 provides that for an action to operate a lis pendens, the clerk of the superior court in the county where the real property is located must record a notice of the action "containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property."

In the instant case, the only common law element that has been raised is whether the property is "involved" in the suit. The Sonsinos argue on appeal that the Dunwoody property is not involved because Meljon's suit involves only money damages related to the Marietta property and does not involve an ownership interest in the Dunwoody property.

It is true that "[a] lis pendens may not be based upon a suit for money damages only[.]" (Citation omitted.) *Hutson v. Young*, 255 Ga. App. 169, 170 (564 SE2d 780) (2002). Further, if "the litigation does not assert an interest in land, filing a lis pendens is improper." (Citation omitted.) Id. at 171. In the instant case, Meljon seeks not only to enjoin transfer of the Dunwoody property, but also to reverse a fraudulent conveyance. "It is not essential . . . that a plaintiff assert a direct interest in the real property for a lis pendens to be valid, so long as the real property would be directly affected by the relief sought." *Meadow Springs, LLC v. IH Riverdale, LLC*, 286 Ga. 701, 703 (690 SE2d 842) (2010). For example, our Supreme Court found that a lis pendens was proper in a suit where the plaintiffs sought no ownership interest in the land at issue, but rather alleged that an obstruction on that land was causing flooding and damage to their adjoining real property. *Griggs v. Gwinco Dev. Corp.*, 240 Ga. 487, 487 (241 SE2d 244) (1978). Our high court concluded that real property was

4

"involved" and the lis pendens was proper "since equitable relief was sought which would result in the removal of obstructions on the land, and [would] forbid any further grading or construction on the land[.]" (Citation omitted.) Id. As in *Griggs*, if Meljon prevails on his fraudulent conveyance claims, the real property in Dunwoody would be directly affected by the relief he seeks because title to the property would transfer from Helen Sonsino back to Victor Sonsino. Such a transfer falls squarely within the raison d'etre for a lis pendens: to inform prospective purchasers "that the real property in question is directly involved in a pending suit over *title* or an interest, i.e., a lien, *an equitable interest, fraudulent conveyance,* contract right, or other similar interest, which seeks some relief respecting such alleged interest in such realty." (Citations omitted; emphasis supplied.) *Hutson*, supra at 170. Within the meaning of a suit "involving" real property as contemplated by OCGA § 44-14-610, "[a] classic example of such a suit is one which seeks to have a prior conveyance of the property set aside or declared null and void." (Citation and punctuation omitted) *Moore v. Bank of Fitzgerald*, 266 Ga. 190, 190 (465 SE2d 445) (1996) (lis pendens held proper in suit alleging wrongful foreclosure and seeking cancellation of bank's deeds under power).

5

The Sonsinos rely on *Quill v. Newberry*, 238 Ga. App. 184 (518 SE2d 189) (1999), but that case is distinguishable. In that case, Quill sought not only to rescind a contract of sale on one property he had purchased from Newberry, but also sought to enjoin Newberry from selling a separate property, alleging that he wanted to prevent Newberry from hiding any sale proceeds. Id. at 184, 186. We held the lis pendens improper because Quill's fraud claim did not involve claims related to the *property* that was subject to the lis pendens; rather, Quill would have to pursue the *proceeds* of any sale of that property to satisfy his claim. Id. at 190 (2) (a). *Quill* is distinguishable because it did not involve any claim in the lawsuit that any wrong had been committed by the defendant as to the subject property for which relief was sought, as is alleged here, but merely that it might be sold and thus unavailable should it be needed to satisfy any judgment if the plaintiff were to prevail. In this case, however, it is alleged that the subject property was fraudulently transferred by Victor Sonsino to Helen Sonsino to defeat the claims by the plaintiff herein, and as such, that the transfer should be set aside. Thus, so long as said claim remains a part of the complaint, it cannot be said that the subject property is not involved in this lawsuit. See generally *Berger v. Shea*, 150 Ga. App. 812, 813 (258 SE2d 621) (1979) (In suit for disparagement of title, Court of Appeals observed that "[t]he complaint alleged

6

that appellee . . . sought in her separate suit to set aside a fraudulent conveyance of real property. Therefore, real property was involved and the filing of a lis pendens notice was proper") (citations omitted)[3].

In the instant case, the lis pendens was proper, and the trial court erred in cancelling it.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

---

[3] To the extent that the Sonsinos mean to argue that Meljon's fraudulent conveyance claim is faulty or lacks merit, this Court has determined that "a court may not cancel a lis pendens notice on the ground that the underlying case . . . lacks merit." (Punctuation and footnote omitted.) *Boca Petroco, Inc. v. Petroleum Realty II,* 292 Ga. App. 833, 836 (2008), affirmed *Boca Petroco*, 286 Ga. 487, supra.