**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 19, 2022**

# In the Court of Appeals of Georgia

A22A0643. PHILLIPS et al. v. ALMONT HOMES NE, INC.

DILLARD, Presiding Judge.

Steven M. Phillips and Toni L. Phillips appeal from the trial court's partial cancellation and modification of their notice of lis pendens naming Almont Homes NE, Inc., as a defendant. The Phillipses argue the trial court erred in doing so because (1) the allegations of the complaint "involved" the land described in the lis pendens, and (2) it decided the motion to cancel the lis pendens on the merits of the case. For the reasons set forth *infra*, we agree with the Phillipses and reverse.

The Phillipses filed a complaint against Almont Homes (and other named parties who are not involved in this appeal), alleging that they owned property including a "peaceful, clear-running stream immediately adjacent to [d]efendants' property." But in August 2018, the Phillipses noticed "increasing red clay runoff from

the adjacent property owned and under development by [d]efendants . . ." And by the end of 2019, between 396 and 570 cubic yards of silt had been deposited into the stream, amongst other debris. The Phillipses alleged the silt deposits had clogged a culvert under a bridge over the stream; and importantly, this bridge provided the main entrance onto their property. They further alleged that Almont Homes was the developer or owner of 109 home sites in the relevant development and owned between 30 and 50 acres of the land.

The Phillipses contended the defendants were in violation of laws, ordinances, and rules related to erosion control. As a result, they made claims for trespass, nuisance, negligence, negligence *per se*, professional negligence, riparian rights, punitive damages, and attorney fees, and also sought injunctive relief. And as to injunctive relief, the Phillipses requested the trial court enjoin the defendants from committing further violations of law, continuing to trespass upon their property, and continuing to maintain a nuisance. They further asked the court to order the defendants to (1) "change development practices immediately," so as to cease the various alleged violations, (2) "restore the biological integrity" of their property, and (3) take "specific remediation measures which must be undertaken . . . to cease all

2

violations on [d]efendants' property and the Phillips (sic) property to restore [p]laintiffs' property to its pre-development condition[.]"

The Phillipses then proceeded to file a notice of lis pendens as to the properties titled to Almont Homes.[1] In turn, Almont Homes sought to cancel the notice on the basis that the Phillipses' suit did not "involve" the relevant properties. Specifically, Almont Homes asserted that the Phillipses were not entitled to injunctive relief because they had a complete remedy at law, and that even if they *were* entitled to such relief, their notice of lis pendens was overly broad because it included "individual [l]ots where all activity is complete and which cannot be the subject of any future injunctive relief."

The trial court granted Almont Homes's motion to cancel in part and denied the motion in part. First, the court explained that the Phillipses were entitled to a notice of lis pendens as to lots owned by Almont Homes which were "currently under construction and/or subject to temporary erosion control measures . . . ." But the court canceled the notice of lis pendens as to "any individual lots where all construction has been completed, a lawn has been established, the property has been inspected and

---

[1] The Phillipses specifically excluded from this notice any lots that had already been sold to third-party purchasers.

approved by Gwinnett County, a Certificate of Occupancy has been issued by Gwinnett County, and temporary erosion control measure[s] are no longer required." The court did so after concluding that the Phillipses were "not entitled to the specific injunctive relief sought in the [c]omplaint with regard to any individual lot where such actions had been taken." This appeal by the Phillipses follows.[2]

First, the Phillipses argue the trial court erred in partially granting Almont Homes's motion to cancel the lis pendens as to individual lots with completed construction when those lots were properties "involved" in the lawsuit. We agree with the Phillipses on this question of law, which we review *de novo*.[3]

Under Georgia law, when property is the subject of a lawsuit, a party may file a notice of lis pendens to alert property owners and potential purchasers that the

[2] *See Moore v. Bank of Fitzgerald*, 266 Ga. 190, 190 (465 SE2d 445) (1996) (explaining that the cancellation of a notice of lis pendens is a directly appealable collateral order); *Triple Eagle Assocs., Inc. v. PBK, Inc.*, 307 Ga. App. 17, 19 n.4 (704 SE2d 189) (2010) (same).

[3] *See Everchanged, Inc. v. Young*, 273 Ga. 474, 474 (542 SE2d 505) (2001) (explaining that whether property satisfied requirements of OCGA § 44-14-610 was a question of law); *Smith v. Millsap*, __ Ga. App. __, __ (874 SE2d 184, 186) (June 7, 2022) (explaining that this Court applies *de novo* review to questions of law).

property is involved in litigation.[4] Importantly, property is "involved" in pending litigation when it is "actually and directly brought into the litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property."[5] And Georgia's appellate courts have determined that property is "involved" in pending litigation when, *inter alia*, a plaintiff seeks equitable relief to (1) enjoin a party from continuing activities on their property that result in water damage to the plaintiff's property, or (2) require measures to prevent further water

---

[4] *See* OCGA § 44-14-610 ("No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property.").

[5] *Meljon v. Sonsino*, 325 Ga. App. 719, 720 (753 SE2d 456) (2014) (punctuation omitted); *accord Scroggins v. Edmondson*, 250 Ga. 430, 432 (2) (297 SE2d 469) (1982); *see Hill v. L/A Mgmt. Corp.*, 234 Ga. 341, 342-43 (1) (216 SE2d 97) (1975) ("The word 'involved' as used in such act refers only to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property."). *Cf. S. River Farms v. Bearden*, 210 Ga. App. 156, 157-58 (435 SE2d 516) (1993) ("At common law and under statutory provisions lis pendens may not be predicated upon an action or suit which seeks merely to recover a money judgment." (punctuation omitted)).

5

damage flowing from actions on the defendant's property onto the plaintiff's property.[6]

Here, the Phillipses asked the trial court to enjoin Almont Homes from committing further violations of law, continuing to trespass upon their property, and continuing to maintain a nuisance. They *also* requested that Almont Homes be ordered to (1) "change development practices immediately," so as to cease the various alleged violations, (2) "restore the biological integrity" of their property, and (3) take

---

[6] *See Griggs v. Gwinco Dev. Corp.*, 240 Ga. 487, 487 (241 SE2d 244) (1978) (Per Curiam) ("There is no question that the land is involved, since equitable relief was sought which would result in the removal of obstructions on the land, and forbid any further grading or construction on the land until the ordinance was complied with."); *Colony Bank Se. v. Brown*, 275 Ga. App. 807, 808 (1) (622 SE2d 7) (2005) ("In this case, the federal lawsuit sought specific equitable relief with respect to [the defendant's] land. It sought, among other equitable relief, a restoration of the land to its original condition and the installation of measures to address changes in the flow of water underneath the [plaintiffs'] land. We find that the equitable relief sought here is similar to the relief sought in *Griggs*, . . . and that it therefore 'involves' the land for purposes of a lis pendens notice."). *But see Evans v. Fulton Nat'l Mortg. Corp.*, 168 Ga. App. 600, 600 (309 SE2d 884) (1983) (noting in *dicta* that, "[b]y superior court order, the lis pendens was subsequently cancelled with respect to a portion of the property, apparently because all development activities thereon had been completed, but it was left intact with respect to the remainder of the land"); *Colony Bank Se.*, 275 Ga. App. at 810 (2) (b) ("[W]e did not hold in *Evans* a trial court has the power to partially cancel a lis pendens because a tract of land could theoretically be subdivided[,] and that issue was not presented for our consideration.").

"specific remediation measures which must be undertaken by [d]efendants to cease all violations on [d]efendants' property and the Phillips (sic) property to restore [p]laintiffs' property to its pre-development condition[.]"

In requesting this relief, the Phillipses did so as to all 109 home sites in the development and the 30 to 50 acres of land owned or developed by Almont Homes. Thus, the language of the complaint involved *all* of the Almont Homes properties, including those upon which construction activities were completed because the Phillipses' claims were related to water runoff caused by the activities and changes made to those properties.

Relatedly, the Phillipses contend the trial court erred in partially granting the motion to cancel the notice of lis pendens on the merits of the underlying lawsuit. Indeed, in concluding that the Almont Homes properties with completed construction were not "involved" so as to warrant a lis pendens, the trial court determined the Phillipses' suit did not seek relief as to those lots because they were not entitled to injunctive relief as to those particular portions of realty. And in making such a

finding, the court essentially considered the merits of the underlying suit, which the court may not do when assessing whether to cancel a notice of lis pendens.[7]

As we have previously explained, "[a] court may cancel a notice of lis pendens if, *on its face*, the notice does not show that the common law requirements for a valid lis pendens have been met."[8] That is to say, "the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings."[9] But here, the trial court did not determine that any of the common-law elements were lacking, instead concluding that the lots upon which construction was complete would not be subject to injunctive relief and thus that the Phillipses' complaint did not seek relief as to those portions of property. In other words, the trial

---

[7] *See Boca Petroco, Inc. v. Petroleum Realty II, LLC*, 292 Ga. App. 833, 836 (1) (666 SE2d 12) (2008) (holding that trial court impermissibly considered the merits of the action when faced with a motion to cancel notice of lis pendens); *see also Scroggins*, 250 Ga. at 431 (1) (b) ("A motion to cancel a notice of lis pendens does not in and of itself constitute a motion for summary judgment, because it does not go to the merits of the case."); *id.* at 432 (2) ("[A] motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim.").

[8] *Boca Petroco, Inc.*, 292 Ga. App. at 836 (emphasis added).

[9] *Boca Petroco, Inc. v. Petroleum Realty II, LLC*, 285 Ga. 487, 489 (678 SE2d 330) (2009) (emphasis & punctuation omitted).

court considered the merits of the Phillipses' claims against Almont Homes to conclude that, notwithstanding a request for relief as to *all* property owned by Almont Homes, *some* portions of that property would not be subject to the relief requested. Suffice it to say, this was outside the scope of what the trial court was permitted to consider when faced with a motion to cancel the notice of lis pendens.[10]

The question for the trial court was *not* whether the Phillipses could or would ultimately be successful in obtaining their requested relief as to all of Almont Homes's properties but, instead, whether the common-law elements were met and whether those properties were "involved" in the underlying suit.[11] In that regard, the trial court was only to consider whether the Almont Homes properties were actually and directly *brought into litigation by the pleadings* in the Phillipses' lawsuit and

---

[10] *See Scroggins*, 250 Ga. at 432 (2) ("Although [the appellee in lis pendens action] also argues the merits of appellant's claim, this argument is misplaced. . . ."); *Boca Petroco*, 292 Ga. App. at 836 ("[B]ecause a motion to cancel a notice of lis pendens *does not raise any issue concerning the merits* of a claim, a court may not cancel a lis pendens notice on the ground that the underlying case . . . lacks merit." (emphasis supplied) (punctuation omitted)).

[11] *Scroggins*, 250 Ga. at 432 (2) ("[T]he real property must be 'involved' in the suit . . . , i.e., it must be property which is actually and directly brought into litigation by the pleadings in a pending suit and *as to which some relief is sought* respecting that particular property." (citation & punctuation omitted)).

9

whether the Phillipses *sought relief* with regard to those properties.[12] So, whether the Phillipses can ultimately prevail on their suit to have equitable relief granted as to all of the properties owned by Almont Homes is a question for a motion for summary judgment, *not* a motion to cancel a notice of lis pendens.[13] Some or all of the Phillipses' requested equitable relief to "stabilize the Mountain Valley construction site," "contain the sediment and other pollutants at the site," and other actions *might* require steps be taken as to the entirety of the properties owned by Almont Homes,[14]

---

[12] *See Meadow Springs, LLC v. IH Riverdale, LLC*, 286 Ga. 701, 703 (1) (690 SE2d 842) (2010) ("Real property is 'involved' in litigation within the meaning of the lis pendens statute only if it is actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." (punctuation omitted)); *Hill v. L/A Mgmt. Corp.*, 234 Ga. at 342-43 (1) (same); *Hutson v. Young*, 255 Ga. App. 169, 169 (564 SE2d 780) (2002) (same).

[13] *See Jay Jenkins Co. v. Fin. Plan. Dynamics, Inc.*, 256 Ga. 39, 42 (3) (343 SE2d 487) (1986) ("[A] motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim[.] [I]nquiries of that sort are reserved for a motion for summary judgment[.]" (citations omitted)); *Scroggins*, 250 Ga. at 432 (2) (same).

[14] *See Moore*, 266 Ga. at 190 ("[A]t this stage in the litigation, it cannot be said that the realty . . . is not 'involved' in this litigation." (punctuation omitted)); *accord Jay Jenkins Co.*, 256 Ga. at 43 (4) (b). *Cf. Triple Net Props., LLC v. Burruss Dev. & Const., Inc.*, 293 Ga. App. 323, 329 (3) (667 SE2d 127) (2008) ("Pretermitting whether this action involves real property such that the recording of a notice of lis pendens was initially proper, the trial court was authorized to order that the notice of lis pendens be cancelled in light of its grant of summary judgment to the defendants

and Almont Homes was not entitled to partial cancellation of the notice of lis pendens on the basis relied upon by the trial court.[15]

For all these reasons, we reverse the trial court's partial cancellation of the Phillipses' notice of lis pendens as to Almont Homes.

*Judgment reversed. Mercier and Markle, JJ., concur.*

---

on the underlying claims.").

[15] *See Colony Bank Se.*, 275 Ga. App. at 810 (2) (b) (holding that because injunctive relief requested by the plaintiffs "might involve the entire five-acre tract, partial cancellation cannot be justified and potential purchasers of the property are entitled to notice that the land might be involved in such remedial measures"); *id.* ("[W]e did not hold in *Evans*, [(cited in foonote 3, *supra*)], that a trial court has the power to partially cancel a lis pendens because a tract of land could theoretically be subdivided[,] and that issue was not presented for our consideration."). We are unpersuaded by Almont Homes's reliance upon *Hutson v. Young*, 255 Ga. App. 169 (564 SE2d 780) (2002), to suggest that the Phillipses' interest in the lots upon which construction is complete has in some way been "terminated." *Hutson* involved the termination of a property interest on the basis that specific performance on an option contract, as sought in the complaint, was not an available remedy because reformation of the contract (so as to specify purchase price) was also sought, making specific performance impossible. 255 Ga. App. at 169, 172. Thus, the facts and claims in *Hutson* are wholly inapposite to those in the case before us.

11